CHARLES F. BURROWS v. VILLAGE OF LAKE CRYSTAL.[1]

June 11, 1895.

Nos. 9459—(155).

**Verdict.**

*Held*, the verdict is sustained by the evidence, and is not so excessive as to justify an appellate court in interfering with it.

**Defective Sidewalk—Contributory Negligence.**

In an action against a municipality for damages for personal injury caused by a defect in a sidewalk, it appeared that prior to his injury the plaintiff had some knowledge of the existence of such defect. As tending to rebut the inference that he was guilty of contributory negligence in not going to his destination some other way, it was competent for him to prove that he knew that the sidewalk on the opposite side of the street was at the time in a dangerous condition.

**Same—Notice to Municipality.**

Proof of other similar accidents, caused by the same defect, prior to the time of the injury to plaintiff, is competent, at least for the purpose of proving notice to the municipality.

Appeal by defendant from an order of the district court for Blue Earth county, Severance, J., denying a motion to set aside the verdict and for a new trial. Affirmed.

*D. A. Reed* and *Lorin Cray*, for appellant.

*Pfau & Young*, for respondent.

CANTY, J.[2] This is an action against the village of Lake Crystal for damages for personal injury, which, it is claimed, was caused by the negligence of the defendant in permitting a sidewalk on one of its public streets to be defective, and out of repair. The plaintiff recovered a verdict, and from an order denying its motion for a new trial the village appeals.

1. It appears by the evidence that the sidewalk in question was constructed by laying four stringers on the ground lengthwise with the walk and parallel with each other, and nailing the planks for the floor of the walk across these stringers. There was evidence tending to prove that in a section of this walk one of the middle strin-

gers rested on ground higher than that on which the other three stringers rested; that by reason thereof the other three stringers were without support, and when a person stepped on a part of the walk over any of these three stringers it would sink down two or three inches and "teeter," and that it was loose and shaky, that some of the stringers were rotten and broken, and that these conditions continued for more than a year prior to the injury; that on the evening of the day in question plaintiff was walking along on this sidewalk, and that when he stepped on this section of the walk it 'suddenly went down, causing him to fall, by reason of which he was injured. We are of the opinion that the verdict is sustained by the evidence. We are also of the opinion that the verdict (for $1,000) is not so excessive as to justify an appellate court in interfering with the same.

2. It is assigned as error that the court permitted plaintiff to give evidence which tended to prove that to his knowledge at the time of the injury the sidewalk on the opposite side of the street was in a dangerous condition. We are of the opinion that this evidence was competent to rebut the inference of contributory negligence. Plaintiff had already testified that before he was injured he "knew there was a little discrepancy" in the sidewalk at the point at which he was injured. From this the jury might have concluded that he was guilty of contributory negligence in going over this defective walk, instead of going on the opposite side of the street, or going some other way to his destination. The fact that the walk on the opposite side of the street was in a dangerous condition might have some influence on the question of his contributory negligence.

3. It is assigned as error that the court permitted plaintiff to prove that prior to the time of his injury other similar accidents occurred to other pedestrians at the same place by reason of the defective condition of this walk. We are of the opinion that this evidence was admissible at least for the purpose of proving notice to the city. Elliott, Roads & S. 463. It is true that this is only a species of constructive notice, but evidence of constructive notice is competent. Whether the evidence was competent as evidence in the nature of experiment to prove the defect itself, under the rule laid down in Morse v. Minneapolis & St. L. Ry. Co., 30 Minn. 465, 16 N. W. 358, or whether it is too uncertain that the conditions in each case are

sufficiently similar to allow it to come within that rule, we do not decide. Wagon wheels, locomotive wheels, and other machinery act with more uniformity and certainty than do different people's legs, and whether such experiments with the latter are competent to prove the existence of a defect in a sidewalk we need not decide. This disposes of the case, and the order appealed from is affirmed.