Bissell, J.,
delivered the opinion of the court.
The personal injury which Bridget Hickey received by falling on a sidewalk in Denver and the negligence of the city are the gravamen of this suit. The accident occurred on 16th street, near Arapahoe, in front of the post office. The sidewalk was laid in 1893, and was what is known as a “ cement walk.” Its construction and condition were the matters alleged to show negligence. The verdict was against the city, and in this statement the facts, which must of necessity be taken as established by the verdict, will be narrated without regard to the city’s contentions respecting the proof. The surface of the walk was of such a high grade and density of cement that it was exceedingly smooth, resembling, as some witnesses say, “ a glazed surface.” The contractor indented it, but the indentures were so shallow that they did not sufficiently roughen the surface to make the walk safe for pedestrians. Whenever there was any rain or dampness, or any fall of snow which melted or was so light as not to cover the walk, it was exceedingly difficult for a pedestrian to maintain his equilibrium. A snowstorm commenced on the 3d of February and ceased sometime on the 4th. When *139 the appellee was going down town, about four or five o’clock in the afternoon, and got onto this walk, she slipped, lost her balance and fell. The result was a Colles’s fracture at the wrist. No question is made respecting the extent or character of the injury, or the amount of the verdict, and no other or further statement will be made respecting them. The appellee wore rubbers, and according to her testimony was using due care while walking. There was evidence which tended to show that on the morning of the 4th the walk was cleaned off by the janitors of the post office building, in front of which the accident happened, and it is by no means evident the accident happened by reason of neglect in this particular. There was a good deal of evidence offered which tended to show that the walk was dangerous because of its slippery surface. The evidence tended to prove that it ought to have been more deeply chipped and indented in order to make it rougher and avoid the smooth condition which made it unsafe. This work was afterwards done by the city and seems to have entirely remedied the difficulty. There were two theories on which the case was tried and towards which the testimony was directed. On the establishment of either the plaintiff could probably recover.
Only two propositions are relied on by the city to reverse the judgment. One is based on an alleged' inconsistenc3r in the instructions, and the other relates to a defense to which the city seems to attach a good deal of importance, proceeding from the locus of the injury and the rights of the federal government, as they are contended to exist, over the property in front of which the walk was laid.
The particular spot where Mrs. Hickey fell was in front of the post office building, near the corner of 16th and Arapahoe. The lots extended from the alley, which is midway between Curtis and Arapahoe streets, to Arapahoe, and westward for a specific distance, and were deeded to the federal government for post office purposes. A building was erected on it. The building and the lots are of course under the jurisdiction and control of the federal government. In 1883 *140 (Laws of 1883, page 205) the legislature ceded to the United States jurisdiction over these lots when the government should become the owner of the fee. The city assumes that because this jurisdiction was granted to the government, its duties with respect to the walks in front of it were in some manner changed, and it was excused from the exercise of the care and the doing of the things which are conceded to be its general duties in other parts of the city. It is insisted that because the government laid the walk and the city could not control the work, that therefore it was absolved from either supervising the construction or remedying any defect in the pavement which resulted from the construction or the character of the surface. It seems to us there are several answers to the contention. In the first place the complaint charged that the duty rested on the citjr; that the sidewalk was unsafe, and was, at the particular date of the happening of the accident, in a dangerous condition, whereby the accident occurred. The answer admits the city was a municipal corporation, charged with the duty of constructing, maintaining and keeping in repair the sidewalks within the city. It also admitted that the place where the accident happened was 16th street, one of the principal thoroughfares of the city,' and one with respect to which the admitted duty existed. The denial simply went to the allegations concerning the condition of the walk, either as a local matter or as the result of construction. Under these circumstances we do not see how, having raised no issue respecting it, the city is in a position to insist that it was under no obligation to care for the particular sidewalk, and that it was relieved of this duty because of the relations of the federal government to the property in front of which the sidewalk was laid. Being outside of any issue presented by its plea, it was unavailable for the purposes of defense. It is equally true the matter was not suggested during the trial in such a manner and in such form as to preserve the point and make it available on this appeal. Beyond this, we are unable to see that, had the proof been offered, it was a matter of defense which was *141 available to the'cit}1-, or would in any wise serve to discharge it of the duty which would otherwise have been laid on it to properly maintain, supervise and care for the construction and the condition of its streets and sidewalks. The fee of the streets is in the city. The rights of the abutting property owners are like those which are enjoyed by all the citizens;—those of passing and repassing, with added privileges with reference to ingress and egress to the property of which the citizen may happen to be the owner. The fact that the government owns the lots which abut on the street in no manner varies or changes the duties of the city with reference to its sidewalks. It is under precisely the same obligation and owes the same duties to all the citizens with reference to the particular walk laid in front of that building that it is under and owes these citizens with reference to any other walk laid in front of property owned by a citizen. The fact that the city might not be able to control the government when it constructed the walk, and that possibly injunctive or other relief might not be open to the city to restrain the government from doing what it attempted to do, does not relieve the city of the duty, if the sidewalk was not correctly laid or properly constructed, to tear it up and build other walks in accordance with its own notions of what is essential to the safety and security of the citizen. In fact, this record shows that subsequent to the time of the happening of this and some other injuries, one of which is before us in a case following this, the city did do what it ought to have done in the first place,-—roughen the walk and render it safe and secure. It is hardly worth while to cite the authorities in this state and in other states establishing the duty of the city with respect to its walks. The law is too thoroughly and completely settled, No defense came to the city by reason of the legislation referred to or its legal or collateral effect. When the jury found the city had failed to perform its dutj*, and the plaintiff proved her damages, she was entitled to recover notwithstanding this legislation.
Equally inoperative are the objections which the city *142 makes to the instructions. It is conceded at first blush, disregarding the two theories on which the case was tided and the two bases on which the case was laid, it might appear the instructions were inconsistent and inharmonious. It must be admitted the rule has often been expressed that where instructions are inconsistent and inharmonious and calculated to confuse the jury, an inaccurate instruction having this effect will not be cured by a subsequent one which correctly states the law. Conceding this proposition does not preserve the assignment of error in favor of the appellant. The plaintiff alleged that the walk was defective in its construction, dangerous in its condition, with knowledge to the city, and unsafe and insecure because of its local condition at the time of the happening of the accident. We do not discuss the question of notice, because it is alleged in the complaint and not denied in the answer. We are therefore permitted to proceed on the hypothesis that the city had full notice with respect to its unsafe and insecure condition, and likewise had notice of its condition as affected by the local situation. Dismissing, then, the question of notice, it brings us to the proposition that the instructions are not open to the criticisms made by the city. We are hardly required to set forth these instructions and demonstrate their accuracy and sufficiency, but we can decide this appeal and at the same time effectuate any useful purpose by the simple suggestion that the instructions charged the jury with reference to the two hypotheses. In other words, the jury were substantially told that if they found from the evidence the sidewalks were unsafe and insecure by reason of the method of their construction and the character of the surface and the accident happened therefrom, they could, granting a verdict in favor of the plaintiff with respect to her injuries, find for her in such sum as in their judgment would afford her proper compensation. The jury were likewise told if they found from the evidence the accident happened because the city failed to keep the walks in proper condition after a storm and the surface was slippeiy, insecure, and unsafe by reason of it, and the accident happened because of it, then in that event *143 they might likewise find a verdict for the plaintiff. Of course, in stating this law to the jury the court properly limited it by telling the jury that if the city had not had a reasonable time after the storm to put the sidewalk in proper shape,- and if the accident happened shortly or immediately after the storm, then the city would be excused for its failure to put the sidewalk in proper condition. It must be remembered, however, that all these instructions with reference to the effect of a storm on the sidewalk and the duty of the city as modified by the local condition were asked by the city. The plaintiff asked no instruction about it, apparently resting the case substantially on the theory that the sidewalk was improperly constructed and in a condition which made it dangerous for the use of its citizens. Under these circumstances we do not see how the city can complain because these instructions were given, or because of any inconsistency which thereby resulted in the entire charge, nor that it can complain because of the alleged tendency to confuse the jury. If this did result, it was the city’s own fault in asking the instructions. As before intimated, we do not see that such was the actual or necessary result of these two classes of instructions. While they were very properly asked by the city, since there was evidence tending to show that possibly the accident happened because of the storm and not because of the defective construction, we are unable to see that they could in any manner have confused or misled the jury. The jury were very fully and aptly instructed in regard to the law, the case was exceedingly plain, and the testimony fully sustains the verdict. As we read the record, the accident happened because of the defective construction, and not because of local conditions, except as those local conditions tended to emphasize the dangers resulting from this defective construction.
We are unable to discover any errors in the case. The case was fairly tried, properly put to the jury, and the verdict being sustained by the evidence, the judgment entered thereon must of necessity be affirmed.

Affirmed.