CARROL A. NYE v. F. E. DIBLEY and Another.[1]

February 6, 1903.

Nos. 13,231—(212).

## Depositing Stone in Highway—Negligence.

In an action to recover damages for personal injuries resulting from
the negligence of defendants in depositing material being used by them
in the work of a public improvement, under contract with the public
authorities, in the highway where the work was being performed, in such
a manner and in such close proximity to the driveway in said highway as
to cause horses of ordinary gentleness to become frightened, it is *held*
that defendants had the right to deposit the material upon the highway
at a point reasonably convenient for use in the work, but in so doing
their own convenience was not the primary object for consideration;
that, in respect to the place and manner of depositing such material, they
were bound to respect the rights of the public to the use of the highway,
and to use ordinary care so to deposit it, as to place and manner, as not
to obstruct unnecessarily its free use, or cause horses of ordinary gentle-
ness to become frightened. The case was correctly submitted to the

[1] Reported in 93 N. W. 524.
    88 M.—30

jury by the trial court on this theory of the law, and no errors in the charge are found.

Evidence.

The fact that other horses of ordinary gentleness were frightened by the material so deposited in the highway by defendants was competent evidence.

Action in the district court for Clay county to recover $2,000 for personal injuries. The case was tried before McGee, J., (sitting for the judge of the Seventh judicial district), and a jury, which rendered a verdict in favor of plaintiff for the sum of $1,500. From an order denying a motion for a new trial, defendants appealed. Affirmed.

*Tillotson & Campbell* and *Morrill & Engerud*, for appellants.

*H. Steenerson, Charles Loring, F. H. Peterson* and *C. A. Nye*, for respondent.

BROWN, J.

Action to recover damages for personal injuries alleged to have been caused by the negligence of defendants. Plaintiff had a verdict in the court below, and defendants appealed from an order denying their motion for a new trial.

The facts are as follows: Defendants are copartners, and at the time complained of were engaged in constructing, under contract with Clay county, abutments to a bridge over a coulee on a public highway in the southern part of the city of Moorhead. A portion of the material used was building stone, and a large quantity of it was hauled and deposited by defendants near the traveled track of the highway at the point where the bridge was being constructed. It appears that an old bridge at this point had become defective and out of repair, and was being replaced by a new one. The pile of stone, as stated, was placed by defendants in close proximity to the traveled track, and in height was somewhat above the grade of the road. At the time complained of, plaintiff was driving with a horse and buggy along the highway, and, as he approached the pile of stone in question, his horse became frightened and unmanageable, by reason of which plaintiff was thrown from the buggy and severely injured.

The claim of negligence relied upon by plaintiff in support of a recovery is that defendants were guilty of negligence and want of ordinary care and prudence in respect to the place and manner of depositing the material in the highway; the contention being that the particular place and the particular manner in which it was piled, were such as to cause ordinarily gentle horses to become frightened. The court submitted the case to the jury under instructions to determine whether the defendants were guilty of negligence in this respect, whether plaintiff's horse was ordinarily gentle, and also whether plaintiff was guilty of contributory negligence. The jury found in plaintiff's favor upon all these issues, and the main contention of defendants in this court is that the case was not fully submitted to the jury in respect to the questions of law involved. Assignments of error covering other questions are presented, but they involve no serious legal propositions.

Defendants were engaged in a public work upon a highway under a contract with the public authorities, and had the undoubted right to make such reasonable use of the highway as was necessary in carrying forward the work. But they had no right to its exclusive use, and were bound so to use it as not to interfere unnecessarily with public travel thereon. They had the right to deposit upon it the material used in their work, and at an accessible and convenient distance from the point where the work was being performed; but they were bound so to deposit and place it as not to render the use of the highway by the public dangerous and unsafe, and to exercise reasonable care not to cause horses of ordinary gentleness to become frightened. The action is not founded on a claim that the act of defendants amounted to a nuisance in law, but upon the contention that they were negligent as to the manner in which they exercised a legal right in respect to depositing the material in the highway.

The trial court submitted the case to the jury on this theory, and its instructions, though not in the language of the special requests of defendants, fully and fairly covered the law of the case. The principal error complained of by defendants is the refusal of the court to give to the jury some of their special

requests, but we find no error in the action of the court in that respect. The requests were, for the most part, predicated upon the theory that the convenience of defendants in the performance of their work was the primary object to be considered in determining where and in what manner the material used therein was to be placed in the highway, and were rightly refused. The convenience of defendants cannot be, under the rules of law applicable to such cases, the primary object to be considered. While they had a right to deposit the material in the highway near the place where the work was being performed, they were bound to respect the rights of the public as to the use of the highway, and their rights in the premises were as much entitled to consideration as the convenience of defendants. The request made of the trial court at the conclusion of its charge to the jury was substantially similar to the special requests previously made, and, we think, except in the light of the convenience of defendants, was sufficiently covered by the general charge; and there was no error in the refusal of the court to give it.

The court permitted plaintiff to prove by expert testimony that the pile of stone was of a character naturally calculated to frighten horses of ordinary gentleness, and of this defendants complain. They also complain of the ruling of the court permitting evidence of the fact that other horses of ordinary gentleness were frightened at this same place, and by reason of the pile of stone. We find no reversible error in either of these rulings, and, conceding that the testimony of the experts that the natural tendency of the pile of stone would be to frighten ordinarily gentle horses was incompetent, it in no way prejudiced defendants' case before the jury. Such evidence was offered by both parties, and both seem to have had an equal opportunity in this direction. The fact that other horses of ordinary gentleness were frightened corroborated the contention of plaintiff that the pile of stone tended to frighten such horses, and was proper for the consideration of the jury. Morse v. Minneapolis & St. L. Ry. Co., 30 Minn. 465, 16 N. W. 358; Phelps v. Winona & St. Peter R. Co., 37 Minn. 485, 35 N. W. 273; Crocker v. McGregor, 76 Me. 282; Bemis v. Temple, 162 Mass. 342, 38 N. E. 970.

The settled case does not purport to contain all the evidence received on the trial, and the question whether the verdict of the jury in respect to the negligence of defendants or the contributory negligence of plaintiff is sustained by the evidence is not before the court, and cannot be considered.

We have examined all the other assignments of error, and find no reason for interfering with the order of the trial court, and it is affirmed.

Order affirmed.