# MARGARET E. O'BRIEN v. CITY OF ST. PAUL.[1]

December 15, 1911.

Nos.17,319—(127).

**Statutory notice of accident — description of locality.**

A notice of an accident, required by the St. Paul city charter, is in that respect sufficient if it so describes the place of the accident that the proper city officers can therefrom readily find and identify such place.

**Slippery flagging — evidence.**

Upon the evidence in this case it cannot be held, as a matter of law, that a portion of a limestone flagging so worn by travel as to become smooth and slippery, and in this respect presenting a surface different from the surrounding surface of the walk, on which a pedestrian using due care slips by reason of its smoothness, is not a defect in a street for which a municipality is liable.

Action in the district court for Ramsey county to recover $7,500 for personal injuries. The complaint, among other averments, alleged that defendant city failed to keep that portion of the sidewalk on Robert street, particularly that part on the easterly side of that street more particularly described, in good repair or in safe condition for travel, but permitted the sidewalk at that point to become and remain in a dangerous and defective condition, and knew, or in the exercise of ordinary care, should have known of the dangerous, defective and unsafe condition of the sidewalk at that point; that accidents frequently happened at that point to persons walking on that sidewalk, the occurrence of which was well known to defendant, by persons slipping and falling in the manner in which plaintiff fell, by reason of stepping onto a smooth, glassy, slippery, worn, depressed and dangerously constructed part of the sidewalk.

[1] Reported in 133 N. W. 981.

[Note] The general question of the liability of a municipal corporation for defects or obstructions in streets is treated in an elaborate note in 20 L.R.A. (N.S.) 513.

The answer admitted its existence as a municipal corporation, but denied all the other allegations of the complaint. The case was tried before Olin B. Lewis, J., and a jury which returned a verdict in favor of plaintiff for $900. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*O. H. O'Neill, Kenneth G. Brill* and *Albin E. Bjorklund,* for appellant.

*Hollihan & Ryan,* for respondent.

SIMPSON, J.

The plaintiff brought this action to recover for injuries received upon a claimed defective portion of a sidewalk in the city of St. Paul. Upon a trial the plaintiff had a verdict. The defendant appeals from an order denying its alternative motions for judgment or a new trial.

Under its assignments of error the defendant urges that it is entitled to judgment or a new trial upon one or all of the following grounds:

1. That the notice of the accident served on the defendant city was insufficient, in that it incorrectly designated the place of the accident.

In the notice the place of the accident was stated to be "the sidewalk on the easterly side of Robert Street, in front of No. 406 Robert street, and about one hundred forty-seven feet north of the northerly curb line of Sixth street." The evidence tended to show that the accident happened in front of 406 Robert street, and the notice in its reference to this number was therefore accurate. It appeared, however, that measuring exactly one hundred forty-seven feet north from the designated curb would locate the point of the accident five feet north of the north line of the store No. 406 Robert street, and about twenty feet from the place of the accident. The notice does not purport to give the exact distance from the curb to the point of accident. It stated "about" the distance.

Considering this stated distance in connection with the statement that the accident occurred in front of No. 406 Robert street,

the notice is neither uncertain nor inaccurate. Precise and absolute certainty as to the exact point of an accident is not required in such a notice. Its purpose is served if it directs the proper authorities to the place of the accident, so that they may intelligently investigate and pass on any claims arising therefrom, and, if necessary, prepare for the defense in a suit. The notice given by the plaintiff complied with the charter requirement that a notice be given, stating "the place where" the accident happened.

2. It is urged that the evidence does not establish that the accident occurred at the claimed defective place in the walk. While the evidence for the plaintiff on this point is neither consistent nor very convincing, it is sufficient to sustain the finding of the jury.

3. Lastly, the defendant contends that the evidence does not establish a defective condition of the walk.

For a considerable distance on Robert street and around the corner of Sixth street, the sidewalk is constructed of limestone blocks or flagging. This stone has in its composition considerable shale, a soft material. When placed in a walk, or otherwise exposed to wear and the action of the elements, the shale quickly disintegrates and is worn away, leaving small undulations in the surface of the stone, and it appeared that this was the general character of the surface of the walk near the place of the accident.

The plaintiff's testimony tended to show that at the place of the accident one flagstone, while taken from the same quarry, presented a surface of a markedly different character; that because of an entire absence of shale in the surface of a part of this flagstone, it had none of the usual undulations; that this resulted in the surface being smooth, glossy, and very slippery; that for several years pedestrians had, at frequent intervals, fallen at this place; that this condition of the walk, and the frequent accidents happening thereon, were reported to the city authorities.

The plaintiff claimed from this evidence that it appeared that persons walking over the sidewalk were exposed to continual and unreasonable risk of injury because of the condition of this flagstone, and its marked difference from the surrounding surface, and that the city, having had notice of its unsafe condition, was liable

for the injuries to plaintiff caused thereby. The trial court adopted this view, and instructed the jury, if they found from the evidence "that by reason of the smooth, glossy, slippery condition of the stone at that point, produced by use and wear, the walk was dangerous, and a trap and menace for the use of pedestrians walking thereon in the exercise of ordinary care," that then they would find the sidewalk unsafe, and if the city, with notice, permitted the walk to remain in such unsafe condition, it would be liable for an injury resulting therefrom to the plaintiff without fault on her part. The further instruction was given that mere slipperiness of the walk, if caused by the presence of ice or snow or moisture, would not make the city liable.

The defendant claims that by this evidence no question for a jury was raised as to whether the city had failed in its duty to maintain the street in a reasonably safe condition for travel. In support of this claim, counsel for the defendant contends, in substance, that the city authorities are, under the law, charged with the duty of determining what material shall be used in the construction of walks; that this duty necessarily carries with it the right to decide, within reasonable limits, what material is suitable for such use; that smooth limestone flagging, whether smooth when laid or worn smooth by travel, is a material in general use in sidewalks; that its suitableness for such use is at least a matter on which reasonable men may differ, and hence that the adoption of this material by the defendant city was within its discretionary power; and that under these conditions neither the court nor a jury can substitute its judgment for that of the city authorities.

Counsel for the city invokes the rule laid down in Conlon v. City of St. Paul, 70 Minn. 216, 72 N. W. 1073. To what extent the rule thus suggested is applicable to the selection of material for sidewalks we are not called upon to decide, and we do not decide in this case, for neither the pleadings nor the evidence present the question. The circumstances under which this walk was laid and maintained are not shown, whether the condition in which it was maintained was in compliance with or in neglect of the specifications of the city, or the extent of the use and suitableness of this

stone for sidewalk purposes. The plaintiff was not required to offer evidence showing such circumstances. She rested her case on evidence tending to show that the place involved was unsafe and that the city had notice thereof.

Counsel for defendant further urges that, eliminating any point as to the discretionary power of the city authorities, still the only condition complained of in this walk, as disclosed by the evidence, is that it had a level, smooth, limestone surface, and that it should be held, as a matter of law, that a level, smooth stone surface is not a defective condition in a sidewalk, rendering a city liable for accidents happening thereon. That unless it is so held, any part of the many miles of natural and artificial stone walks in different municipalities throughout the state may be declared unsafe by the verdict of a jury. The importance of the point thus sought to be raised is apparent.

Counsel for the plaintiff, in support of his claim that a smooth surface may constitute a defect in a walk, refers to one case, City v. Hickey, 9 Colo. App. 137, 47 Pac. 908. In that case the surface of the walk involved was of a high grade of cement, smooth, and under certain climatic conditions slippery. It was held in that case that the safety of the walk, as constructed, was a question of fact for a jury to pass on. However, in the state of Colorado cities are liable for slipperiness caused by snow and ice after a reasonable opportunity to remove or overcome such cause. It is not clear that the rule of that case would apply where such liability is not imposed on cities.

A case more in point upon the facts of the instant case is Cromarty v. City, 127 Mass. 329, 34 Am. Rep. 381. In that case the rule was announced that a cover made partly of glass and partly of iron, forming a portion of the surface of a sidewalk in a city, and so changed by wear as to become smooth and slippery, and on which a traveler using due care slips and falls solely by reason of its smoothness, cannot be held, as a matter of law, not to be a defect in a highway for which the city is liable. In the decision it is stated: "If, in a sidewalk, the chief part of which is in proper condition for travel, a small part of the surface is constructed of mate-

rial different from the remainder, and so smooth and slippery that a foot traveler, stepping suddenly upon it from the portion otherwise constructed, necessarily or probably slips and is likely to fall, it cannot be said, as matter of law, that such walk is not defective."

In Lyon v. City, 9 Ind. App. 21, 35 N. E. 128, the same rule was applied to an iron cover spanning a gutter, upon a convex surface of which the original rough finish had worn smooth.

In Indiana and Massachusetts municipalities are not liable for smooth icy surfaces on walks.

In the instant case an expert geologist called by the plaintiff testified that the surface of the stone complained of was pure limestone unmixed with shale; that it was essentially like marble, and placed in a walk would take the smoothness of a marble slab; that the surrounding stones, because of the undulations in their surface, would be better to walk on. Three witnesses described the surface of the stone complained of as smooth and slippery. These witnesses testified that the surface of the surrounding flags was much rougher. These witnesses also testified to numerous accidents occurring to pedestrians through slipping at this same place. Evidence of these other accidents was received without objection. Under the established rule in this state it was competent, as tending to show constructive notice to the city of the condition of the walk. No instruction to the jury was given or requested as to the purpose for which the evidence was received. No question of the competency of this testimony as evidence of a defect in the sidewalk is here raised, but its value as evidence of the unsafe condition of the walk involves substantially the same question as its competency—that is, does it appear that the same conditions existed at the time of the former accidents, so that such accidents are shown by the evidence to have been caused by the same claimed defect in the walk? The possibility of establishing uniform conditions, both as to the instrument complained of and the conduct of the person injured thereby, without trying complicated collateral issues, goes alike to the competency and value of such evidence.

In Morse v. Minneapolis & St. L. Ry. Co. 30 Minn. 465, 16 N. W. 358, the admissibility of evidence of other accidents was

first fully discussed by this court. The case involved a claimed defective switch. The plaintiff was permitted to show that other engines and cars missed the track at the same point, both before and after the accident complained of. In holding this evidence admissible it is stated: "These facts are in the nature of experiments to show the actual condition of the instrument." And, further: "But, to render such evidence competent, it must appear, or at least the evidence must reasonably tend to show, that the instrument or agency whose condition is in issue was in substantially the same condition at such times as it was at the time when the accident complained of occurred."

In Burrows v. Village of Lake Crystal, 61 Minn. 357, 63 N. W. 745, this court approved of the ruling of the trial court, permitting the plaintiff to prove that prior to the time of the injury received by him upon a sidewalk other similar accidents occurred to other pedestrians at the same place by reason of the defective condition of the same walk, in the following language: "We are of the opinion that this evidence was admissible, at least for the purpose of proving notice to the city. Elliott, Roads & S. 463. It is true that this is only a species of constructive notice, but evidence of constructive notice is competent. Whether the evidence was competent as evidence in the nature of experiment to prove the defect itself, under the rule laid down in Morse v. Minneapolis & St. L. Ry. Co. 30 Minn. 465, [16 N. W. 358], or whether it is too uncertain that the conditions in each case are sufficiently similar to allow it to come within that rule, we do not decide. Wagon wheels, locomotive wheels, and other machinery act with more uniformity and certainty than do different people's legs, and whether such experiments with the latter are competent to prove the existence of a defect in a sidewalk we need not decide."

In the instant case no foundation was laid for the admission of evidence of other accidents, by showing that such other accidents occurred on the stone surface of the walk while the same was free from snow or ice. From the testimony it might well be inferred that all the other accidents testified to occurred in the winter time. While it is possible, therefore, that these accidents may have been

·due, not to the smooth surface of the stone, but to a surface pro-·duced by climatic conditions, we are not prepared to say that the ·evidence, received as it was without objection, would not support an ·inference on the part of the jury that this smooth surface, in the ·midst of the surrounding rougher stone walk, had, as tested by ·actual experience, proved a menace and trap to pedestrians on the ·walk. A majority of the court are of the opinion that, upon all the ·evidence, the questions submitted by the trial judge to the jury as to the unsafe condition of the walk and the liability of the city for ·injuries resulting therefrom were questions of fact for the jury.

The order appealed from is affirmed.