# Hannah L. Whyers, Appellee, v. City of Quincy, Appellant.

1. MUNICIPAL CORPORATIONS, § 1107*—*when question of fact whether walk remained in dangerous condition sufficient length of time to charge city with notice.* In an action to recover damages for personal injuries sustained by a fall on a city sidewalk, alleged to have become so old and worn that it was so smooth, slick and slippery from age, wear and usage that pedestrians could not secure a safe foothold thereon and was dangerous to persons walking thereon, *held* that the question whether the walk had remained in such condition for such length of time as to charge the city with notice was one of fact.

2. MUNICIPAL CORPORATIONS, § 1107*—*when question for jury whether sidewalk is dangerously defective.* Whether a particular stone flagging sidewalk, slippery with age and usage, was dangerously defective, *held* to be a question of fact for the jury, in an action against a city to recover damages for injuries due thereto.

3. MUNICIPAL CORPORATIONS, § 1107*—*when contributory negligence of pedestrian slipping on walk is question for jury.* Whether plaintiff, in an action against a city, to recover damages for injuries due to a slippery sidewalk, was contributorily negligent in wearing shoes the heels of which were more or less worn, making her more liable to slip, and whether such fact contributed to the injury, *held* to be questions of fact for the jury.

Appeal from the Circuit Court of Adams county; the Hon. ALBERT AKERS, Judge, presiding. Heard in this court at the April term, 1917. Affirmed. Opinion filed October 11, 1917.

JOHN G. WHEELOCK and JOHN T. INGHRAM, for appellant.

JOHN E. WALL, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

This is an appeal from a judgment recovered by appellant against the City of Quincy in the sum of $500, in an action on the case for personal injuries, resulting

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

from a fall on a sidewalk on October 5, 1915. The negligence charged in the declaration was that the city maintained a sidewalk constructed of stone flagging, which was so old and worn that it had become so smooth, sleek and slippery from age, wear and usage, that pedestrians could not secure a safe foothold thereon and it was dangerous to persons walking thereon, by reason whereof appellee, while in the exercise of due care, slipped and fell thereon, and was injured.

The testimony of the witnesses for appellee described the stone where the accident happened in various ways, such as "smooth, sleek and slippery," "smooth as ice," "slick in places," "slick as glass," "slick and slippery," etc. The evidence tends to show that the stone had been used for over thirty years and that similar accidents had happened at the same place. It was a question of fact whether it had remained in such condition for such length of time as to charge the city with notice. Whether a particular stone flagging sidewalk, slippery with age and usage, is a dangerous defect is a question of fact to be determined by the jury. *O'Brien v. City of St. Paul,* 116 Minn. 249 [2 N. C. C. A. 1]; *Latell v. Cunningham,* 122 Minn. 144; *Lyon v. City of Logansport,* 9 Ind. App. 21; *Cromarty v. City of Boston,* 27 Mass. 329; *City of Denver v. Hickey,* 9 Colo. App. 137; *Smith v. City of Tacoma,* 51 Wash. 101; *Morton v. Smith,* 48 Wis. 265.

It is argued that appellee was guilty of contributory negligence because she wore shoes, the heels of which were more or less worn, thus making her more liable to slip. Whether appellee was guilty of negligence in wearing shoes in the condition shown by the evidence, and whether such fact contributed to the injury, were also questions of fact for the jury.

No other questions are presented for our consideration and the judgment will be affirmed.

*Affirmed.*