O. H. VANCE (IRVING C. JOHNSON, Administrator, Substituted), Appellee, v. E. J. SOWDEN, Appellant.

FEBRUARY 14, 1928.

*J. G. Patterson*, for appellant.

*I. C. Johnson*, for appellee.

STEVENS, C. J.— Plaintiff's cause of action is upon a written contract, the material portion of which is as follows:

. "Money Back Order Blank. This Order Blank Is For Your Protection.

"Your money back unless the burners do not work as represented in our literature. This protects you absolutely and smashes every possible doubt. Oliver Oil-Gas Burner & Machine Co., St. Louis, Mo. I enclose $82.00 for the following Oliver Oil-Gas Burners, complete with tank, valve and tubing. * * * I agree to use the burners 60 days, and to follow your instructions both general and special for installing and operating the burners; at the end of that period you are to refund the purchase price, unless the burner works as you represent in your literature. Name Mr. O. H. Vance, Street No. 1001 9th Ave. East. Date    County    Oskaloosa, Ia.    State    Express    Town    W. R. Airy    E. J. Sowden."

The defendant appellant admitted that he signed the foregoing instrument, but averred that he did so merely at the request of appellee; that he had no interest in the transaction; that there was no consideration therefor; and that the instrument is a mere order to the Oliver Oil-Gas Burner & Machine Company, of St. Louis, Missouri, for a gas burner; and that all of the guaranties and warranties contained therein are those of the St. Louis concern.

The proposition relied upon by appellant for reversal is that the foregoing instrument shows upon its face that he signed the same in a representative capacity only, and that the principal is the St. Louis Company, and that, in such situation, the principal alone is liable.

The law on this point is well stated in *Doolittle v. Murray & Co.*, 134 Iowa 536, as follows:

"The name of his principal was disclosed, and even if he acted without due authority and thereby exposed himself to an action for damages, we think there is no rule of the law of agency which enables them to treat him as a principal and specifically enforce the contract against him as if it were made by him in his own right."

The trouble with appellant's contention is that the proposition is not applicable to the facts of this case. Appellant is engaged in the plumbing and heating business in Oskaloosa, and at the time in question, W. R. Airy was either associated with him in the sale of burners or was frequently about his place of business. It is conceded that the blanks in the written instrument were filled out by appellant, and that both he and Airy signed the same. Appellee testified that he first learned of the burner from a circular or blank order mailed to him by appellant. The negotiations for the purchase of the burner were conducted by appellant with Airy. Installation of the particular burner in question was begun by Airy the day the order was signed, and the purchase price, $75, was paid to him. Appellee testified that he saw other burners in appellant's place of business, and that he frequently informed him that the burner which had been installed in his home was not successful. It was finally removed by Airy. Appellee testified that he then demanded of appellant that he refund the purchase price paid; that appellant promised to do so, but said he would have to see his partner, Mr. Airy, first. Appellant denied this conversation, and testified that he had no interest whatever in the sale of the burner; that he was not in partnership with Airy; that he was not the agent of the St. Louis Company; and that he signed his name to the order only at the request of appellee.

All of the foregoing evidence and considerable in addition thereto was apparently admitted without objection. It is not claimed by appellant that the order in question was signed by appellee, or that it was forwarded to the St. Louis concern. So far as the record shows, the order was retained by Airy or appellant, and was not sent to the manufacturer. Appellant testified that he received no part of the purchase price, and that he had no interest whatever in the transaction.

As indicated by the testimony referred to, there was a conflict in the evidence as to the relation of appellant to the trans-

392

action and the part taken by him therein. The written instrument provides expressly that the purchase price will be refunded if the burner failed to work as represented in the manufacturer's literature. There was evidence from which the court could find that appellant was the partner of Airy in the transaction; that they acted in a personal, and not a representative, capacity; that burners were kept on hand in appellant's store; and that the obligation imported in the written instrument which was signed by him was intended as his own, and not that of the alleged principal.

Such being the record, the finding of the trial court upon the facts is conclusive and binding upon this court. The judgment is affirmed.—*Affirmed.*

DE GRAFF, ALBERT, MORLING, and WAGNER, JJ., concur.