# GRACE H. ASPLIND v. FRED W. PEARCE CORPORATION.[1]

November 2, 1928.

No. 26,893.

**General allegation of negligence in operating roller-coaster sufficient to admit evidence of its defective condition.**

1. Where the complaint in general terms charges negligence in the operation of an amusement device known as a roller-coaster, and in failing to provide and maintain cars which are reasonably safe for use thereon, it is sufficient to permit evidence of unsafe or defective condition of such cars.

**Use of car with defective handrail was proximate cause of injury.**

2. The evidence is *held* sufficient to justify the jury in finding that a certain handrail on a car used in such device was movable and moved, and that the use of the car with the handrail in that condition was negligence and a proximate cause of injury to plaintiff.

**Evidence of other accidents admissible to show dangerous character of machinery.**

3. To show the dangerous character of machinery or apparatus in operation and the owner's knowledge thereof, evidence is admissible of other accidents caused by the operation of the same machinery under like circumstances.

Evidence, 22 C. J. § 840 p. 753 n. 89; p. 754 n. 90.
Negligence, 45 C. J. § 719 p. 1133 n. 59; § 811 p. 1246 n. 56; § 813 p. 1249 n. 70; § 834 p. 1262 n. 8; § 835 p. 1267 n. 38.

Action in the district court for Hennepin county to recover damages for personal injuries sustained while riding on a roller-coaster operated by defendant. There was a verdict of $5,160 for plaintiff, and defendant appealed from an order, Dickinson, J. denying its alternative motion for judgment or a new trial. Affirmed.

*Cobb, Hoke, Benson, Krause & Faegre* and *Nathan H. Chase,* for appellant.

*W. C. Fraser, Donald Bridgman* and *Snyder, Gale & Richards,* for respondent.

[1]Reported in 221 N. W. 679.

OLSEN, C.

In this action for damages for personal injuries a verdict was returned in plaintiff's favor. Defendant appeals from an order denying its alternative motion for judgment notwithstanding the verdict or for a new trial.

Defendant, a Minnesota corporation, operated what is known as a roller-coaster at an amusement park at Excelsior in this state on which patrons were given rides for a consideration. The apparatus was similar to that described in the opinion in Bibeau v. Fred W. Pearce Corp. 173 Minn. 331, 217 N. W. 374, and was operated in the same manner. The first descent was a drop of about 50 feet on an incline of 40 to 45 degrees. On May 23, 1926, plaintiff and a friend went for a ride on this roller-coaster. The plaintiff suffered an injury to her back at or near the foot of the first descent or incline. She testified that the movement of the car in which she was riding down this incline, at a speed estimated at some 50 miles an hour, raised her out of her seat; that the handrail in front of her to which she was holding was not rigid, but moved upward an inch or two, causing her to be raised farther from her seat; that as the car reached the bottom of the dip and stopped its downward course and took the upward grade she was thrown violently down and back against her seat and suffered the injury complained of. She testified also that there was a violent jerk and jar, and that this and the moving of the handrail caused her to be raised farther out of the seat, and that she had the impression that the car lifted away from the track.

The complaint in the case, as amended, charges negligence in operating the car at a high and dangerous rate of speed, causing it to jerk; in failing to warn plaintiff of the dangers; in construction and maintenance of tracks; in failing to have the car under proper control; in operating the apparatus in a careless manner; and in failing to provide and maintain cars which were reasonably safe for their intended use.

1. The court in its charge limited the issue of negligence to the one question whether the handrail which was provided for plain-

tiff's use was in such a condition as to permit it to move and was defective, and if the jury found that to be the case then whether that was negligence on the part of defendant and a proximate cause of the injury.

It is urged that the complaint is insufficient to present the issue of defective handrail. The allegations of the complaint as to negligence are quite general in terms and many of them inapplicable to this question. We conclude that the allegation that defendant failed to provide and maintain cars which were reasonably safe for their intended use is sufficient to present the issue.

2. It is urged that the evidence is insufficient to justify the jury in finding that this handrail was in such a condition that it could move, and that, even if the jury were justified in so finding, the moving of the handrail an inch or two was not such a defect as to constitute negligence and was not shown to have been known to defendant or such that defendant should have known and remedied the same; also that it was not shown to have been the proximate cause of the injury. The record has been examined, and while the evidence as to the handrail's moving and being in condition to move is not abundant there is direct testimony of that fact; and we cannot say that the jury were not justified in so finding, and in finding that the use of the car in such condition was negligence and a proximate cause of the injury.

3. The court permitted evidence, over defendant's objections, of similar accidents on this same roller-coaster to other persons and at other times. When this evidence was received, the court had not limited the issue of negligence to the question of defective handrail. The complaint presented a wide field for proof of negligence. If it had presented only the one claim of negligence because of defective handrail, evidence of other accidents, unless shown to have been caused by such defect, would probably have been inadmissible. But such was not the situation here. As indicated in the Bibeau case, 173 Minn. 331, 217 N. W. 374, the complaint here was sufficient to raise the issue of negligence in the construction of this roller-coaster and its operation with this apparatus and under the condi-

tions shown. On that question, all the essential physical conditions on other occasions being shown to have been the same, the evidence would seem admissible. The opinion in the Bibeau case had not been rendered at the time of the trial, and the trial court did not have the benefit of that decision.

Where, as held in that case, there is a general charge of negligence and a charge that there is negligence in the construction and operation of an amusement device of a particular kind, and the operator is charged with the highest degree of care, and where the rule of res ipsa loquitur applies, evidence of the happening of other accidents, with the same apparatus and under identical conditions of operation, would seem to be permissible. That the apparatus and conditions of operation were the same is sufficiently shown by defendant's own evidence. See 4 Dunnell, Minn. Dig. (2 ed.) § 7053; Morse v. M. & St. L. Ry. Co. 30 Minn. 465, 16 N. W. 358; Phelps v. Winona & St. P. R. Co. 37 Minn. 485, 35 N. W. 273, 5 A. S. R. 867; Burrows v. Village of Lake Crystal, 61 Minn. 357, 63 N. W. 745; Byard v. Palace Clothing House Co. 85 Minn. 363, 88 N. W. 998; Nye v. Dibley, 88 Minn. 465, 93 N. W. 524; Wiita v. Interstate Iron Co. 103 Minn. 303, 115 N. W. 169, 16 L.R.A. (N.S.) 128; O'Brien v. City of St. Paul, 116 Minn. 249, 133 N. W. 981, Ann. Cas. 1913A, 668; District of Columbia v. Armes, 107 U. S. 519, 2 S. Ct. 840, 27 L. ed. 618; Central Amusement Co. v. Van Nostran, 85 Ind. App. 476, 152 N. E. 183, 154 N. E. 390; 22 C. J. pp. 751-754; 10 R. C. L. p. 940.

The plaintiff was permitted to go into more detail in reference to these other accidents and the results thereof than was strictly necessary or proper. We do not find prejudicial error in that respect.

4. Other assignments of error, in reference to refusal to give certain requests to charge and to one sentence of the charge as given, have been examined and found not to present reversible error.

Order affirmed.