BESSIE J. GALE v. FRED W. PEARCE CORPORATION.[1]

November 9, 1928.

No. 26,894.

**Error to direct verdict.**
New trial granted for error of court in directing verdict for defendant in roller-coaster case. [Reporter]

New Trial, 29 Cyc. p. 785 n. 79.

Action in the district court for Hennepin county to recover damages for personal injuries sustained while riding on a roller-coaster operated by defendant. The court directed a verdict for defendant, and plaintiff moved

[1]Reported in 221 N. W. 681.

for a new trial. From the order granting plaintiff's motion, Reed, J. defendant appealed. Affirmed.

*Cobb, Hoke; Benson, Krause & Faegre,* for appellant.

*Loren Risk* and *Donald E. Bridgman,* for respondent.

PER CURIAM.

The evidence is so nearly like that in the case of Bibeau v. Fred W. Pearce Corp. 173 Minn. 331, 217 N. W. 374, that we are unable to find any substantial ground for holding that a case for the jury was not made as well here as there. The contrivances (the roller-coasters) involved are substantially alike in construction and operation. Both accidents happened at the first "dip." In the Bibeau case we held that the court below erred in directing a verdict for defendant.

In the instant case a verdict was also directed for defendant, but after our opinion in the Bibeau case was filed this plaintiff moved for a new trial. It was granted solely upon errors of law occurring at the trial. Concluding that the evidence here is essentially the same as that adduced by Bibeau, the court erred when it directed a verdict for defendant, and for that error of law plaintiff was entitled to a new trial.

The order is affirmed.