CARL ULRICH v. MINNEAPOLIS BOXING AND
WRESTLING CLUB, INC. AND OTHERS.

129 N. W. (2d) 288.

June 12, 1964—Nos. 38,984, 38,985.

*Hanson & Grinley,* for appellant Minneapolis Boxing and Wrestling Club, Inc.

*Sturtz, Peterson, Sturtz & Butler,* for appellant Albert Lea Junior Chamber of Commerce, Inc.

*Peterson, Peterson & Tuveson,* for respondent Ulrich.

SHERAN, JUSTICE.

Appeals from a judgment of the district court.

On September 15, 1960, plaintiff, Carl Ulrich, sustained personal injury. Thereafter, he instituted the present action against defendants on the theory that the damage was caused directly by defendant Kermit Snyder, acting as employee and agent of the other defendants, who were also liable because they negligently and carelessly failed to provide proper supervision, regulation, control, and order at a wrestling match which plaintiff was attending at the time he was hurt. At the close of the evidence the case was submitted to the jury, which found in a special verdict that negligence on the part of Kermit Snyder proximately caused plaintiff's injuries; that the Albert Lea Junior Chamber of Commerce, Inc., was negligent, but that its negligence was not a proximate cause of the accident; that the Minneapolis Boxing and Wrestling Club, Inc., was negligent and that its negligence was a proximate cause of plaintiff's injury; and that Carl Ulrich was not contributorily negligent and did not assume the risk of injury at the time and place in question.

Interrogatories were also submitted on the theory that the injuries sustained by Ulrich might have resulted from an assault and battery by Snyder, but since the jury found that such an assault was not committed, further consideration of this aspect of the case is not required.

The jury was instructed to specify the amount of money damages

sustained by plaintiff. The interrogatories submitted with respect to general damages and the answers given by the jury read as follows:

"Pain and Suffering

Past . . . . . . . . . . . . 5,000.00

Future . . . . . . . . . . . 26,500.00

"Reasonable value of plaintiff's loss of ability to perform services

From September 15, 1960, to present . . . . None

In the future . . . . . . . . . . . None"

Finally the jury gave an affirmative answer to the following question:

"As to the Albert Lea Junior Chamber of Commerce and the Minneapolis Boxing and Wrestling Club, state whether or not there was a proprietary interest and right of mutual control over the subject matter involved, the promotion and sponsorship of the wrestling match of September 15, 1960."

Since the attorneys for these two parties agree that *for the purposes of the present lawsuit* they were engaged in a joint adventure so that if one is liable to the plaintiff directly or vicariously the other is also, further consideration of this interrogatory is not needed.

Thereafter, the trial court entered findings of fact and conclusions of law to the following effect: On September 15, 1960, defendants Albert Lea Junior Chamber of Commerce, Inc., and Minneapolis Boxing and Wrestling Club, Inc., promoted a wrestling show in the city of Albert Lea, Minnesota. Defendant Snyder was employed by Minneapolis Boxing and Wrestling Club, Inc., to act as referee for the bouts. Plaintiff attended the wrestling show as a patron and business invitee. At the conclusion of the wrestling show plaintiff was injured as a result of certain acts of Snyder. The trial court confirmed the jury's findings with respect to negligence; proximate cause; contributory negligence and assumption of risk; and damages. Also, without aid of a jury finding on the issue, it held that the negligent act was performed while Snyder was acting within the course and scope of his employment. As a conclusion of law, the court determined that Ulrich was entitled to judgment against all the defendants in the sum of $33,581.75, together with costs and disbursements.

Thereafter, motions for amended findings and conclusions of law or for a new trial were made by each of the defendants, Minneapolis Boxing and Wrestling Club, Inc., also moving for judgment n. o. v. In response, the court amended its findings to reduce the amount allowed for past pain and suffering to $4,000, and the amount allowed for future pain and suffering to $20,500. It ordered that a new trial be granted conditionally. Consent was filed. These appeals are taken by defendants Minneapolis Boxing and Wrestling Club, Inc., and Albert Lea Junior Chamber of Commerce, Inc., from the judgment thereafter entered and from the order denying, in part, their post-trial motions. They present their case in this court jointly.

Twenty-eight assignments of error were reduced to 9 categories for purposes of argument and raise the following issues:

(1) Does the evidence disclosed by the record support a finding that the injuries sustained by plaintiff were caused proximately by the negligence of Minneapolis Boxing and Wrestling Club, Inc., and Albert Lea Junior Chamber of Commerce, Inc., or either of them?

(2) Does the evidence support a finding as a matter of law that the act of Snyder which caused injuries to the plaintiff resulted from his employment by either of the other defendants?

(3) Was plaintiff guilty of contributory negligence or assumption of risk as a matter of law?

(4) Was the verdict of the jury, as reduced, excessive or the result of passion and prejudice?

(5) Is a new trial of some or all of the issues here involved required in the interests of justice?

■ The damage sustained by plaintiff was not caused by the negligence of appellants.[1] From the undisputed evidence it appears that the

---

[1]For a discussion of the duty owed by those who promote and sponsor public amusements to persons who attend as business invitees, see Wells v. Minneapolis B. & A. Assn. 122 Minn. 327, 142 N. W. 706, 46 L.R.A. (N. S.) 606, Ann. Cas. 1914D, 922; Bibeau v. Fred W. Pearce Corp. 173 Minn. 331, 217 N. W. 374; Asplind v. Fred W. Pearce Corp. 175 Minn. 445, 221 N. W. 679; Poppleston v. Pantages Minneapolis Theatre Co. 175 Minn. 153, 220 N. W. 418; Ellingson v. World Amusement Serv. Assn. Inc.

circumstances which resulted in injury were these: At the conclusion of the fourth of four wrestling matches held on the night of September 15, 1960, at the National Guard Armory in Albert Lea, Snyder, who had been acting as referee, left the ring and proceeded toward the dressing room located in the northwest corner of the building. Plaintiff, who had been seated in the area between the ring and the dressing room on the main floor of the building, but somewhat westerly of a direct line between the two, approached Snyder from the rear and placed his hand on Snyder's right arm in an effort to attract his attention. Snyder, proceeding along with his arms extended in front of him as a precaution against being hurt by someone in the crowd, whirled around full circle and in the process struck Ulrich in such a way as to cause him to slip, fall, and sustain a fractured femur. It was this conduct on the part of Snyder which the jury found to have been negligence proximately causing injury to the plaintiff.

The appellants could be held responsible for this occurrence because one or the other or both (a) negligently failed to keep the crowd of some 400 persons attending the wrestling matches at the armory under proper control; or (b) negligently failed to escort or convey the referee from the ring to the dressing room by a route or means which would have made contact between plaintiff and Snyder in the way described impossible; or (c) knowing Snyder to be a person of dangerous propensities, negligently permitted him to act as referee. Such negligence would be of legal significance only if a proximate cause of the damage sustained by plaintiff.

---

175 Minn. 563, 222 N. W. 335; Ingerson v. Shattuck School, 185 Minn. 16, 239 N. W. 667; Johnson v. Amphitheatre Corp. 206 Minn. 282, 288 N. W. 386; Danielson v. Reeves, 211 Minn. 491, 1 N. W. (2d) 597; Connolly v. The Nicollet Hotel, 254 Minn. 373, 95 N. W. (2d) 657, 74 A. L. R. (2d) 1227; Ruehling v. American Legion Pavilion, Inc. 255 Minn. 391, 96 N. W. (2d) 702; Lindgren v. Voge, 260 Minn. 262, 109 N. W. (2d) 754, 88 A. L. R. (2d) 1080. See, also, Ramsey v. Kallio (La. App.) 62 So. (2d) 146; Langness v. Ketonen, 42 Wash. (2d) 394, 255 P. (2d) 551; Wiersma v. City of Long Beach, 41 Cal. App. (2d) 8, 106 P. (2d) 45; Whitfield v. Cox, 189 Va. 219, 52 S. E. (2d) 72; Shayne v. Coliseum Bldg. Corp. 270 Ill. App. 547.

■ There is evidence in this case which supports a finding that the crowd was permitted and perhaps encouraged to become excited and unruly. During the matches and particularly the fourth one where the "villain" was declared the winner by the referee, the patrons protested loudly. Papers and clips were thrown from the audience into the ring. But after the fight was over, the referee was able to travel from the ring to a point in the armory near the entrance to the dressing room without difficulty of significance. It was not until he felt the hand of the plaintiff on his arm that he whirled abruptly, causing the contact between the two which led to the injury. This, then, is not a case where the plaintiff was injured by a surging crowd or forced into a dangerous situation by the movement of the people as a group.[2] His act in touching Snyder was neither caused nor motivated by the actions of the other patrons. The conduct of Snyder in whirling around resulted from apprehension on his part that the person who had touched or grabbed him intended to inflict harm. In our opinion, the lapse in crowd supervision was not a proximate cause of the injury.

■ The circumstances existing were not such as to impose on the appellants the duty of providing a mode of exit for the referee different from that chosen by him. Ulrich sought to gain Snyder's attention by placing a hand on his arm. Snyder's abrupt and unannounced reaction to this incident caused the accident. It was not reasonably foreseeable. It was only because plaintiff sought out Snyder that the accident happened. We do not think that the appellants had a duty to keep plaintiff from touching the referee.

■ There is nothing to show that the appellants or either of them knew or had reason to know that Snyder's reaction to Ulrich's conduct would be as abrupt and unusual as it was. It is true that Snyder had been injured while in a crowd on two previous occasions; that he had a "fear" of crowds; that his "fear" was comparable to the attitude of a person handling dynamite who knows that the substance, mishandled, can cause damage. But there is no evidence in this record to show that appellants or either of them knew that this background

---

[2]Compare Restatement, Torts, § 348, *comment c, illustrations* 1 and 2.

or experience on the part of Snyder would culminate in the sudden movement which was the occasion of plaintiff's injury.[3]

We conclude, therefore, that there were no independent actions or negligence on the part of appellants proximately causing plaintiff's damage.

■ The jury did find, however, that the actions of Snyder constituted negligence proximately causing plaintiff's injury and resultant damage. Vicarious liability follows if Snyder was engaged in the course of his employment by either or both of the appellants at the time of the crucial incident. It is doubtful if the evidence in the present record could sustain a finding of employer-employee relationship.[4] There is a serious question as to whether Snyder was within the course of his employment after his duties of referee had been completed and he was en route to the dressing room.[5] The jury was not called upon to decide whether an employer-employee relationship existed. The finding of fact affirming such a relationship, therefore, cannot have the benefit of the rule that a finding by the jury is to be sustained where reasonably supported by the evidence.[6] In the absence of such a jury finding, the determination by the trial court can be sustained if, but only if, the evidence of such a relationship appears as a matter of law. This cannot be done on the present record, and speculation as to what may develop on retrial will not be useful.

---

[3]Compare Lamb v. South Unit Jehovah's Witnesses, 232 Minn. 259, 45 N. W. (2d) 403, 33 A. L. R. (2d) 1; Restatement, Torts, § 411.

[4]See, Annotation, 34 A. L. R. (2d) 372.

[5]See, Vanderhule v. Berinstein, 285 App. Div. 290, 136 N. Y. S. (2d) 95; Longo v. Tabasso (Ohio App.) 106 N. E. (2d) 587; Dincher v. Great Atlantic & Pacific Tea Co. 356 Pa. 151, 51 A. (2d) 710.

[6]There was no waiver of defendant's right to a trial by jury of the omitted issue within the meaning of Rule 49.01 of Rules of Civil Procedure, which provides in part: "The court may require a jury to return only a special verdict in the form of a special written finding upon each issue of fact. * * * If in doing so the court omits any issue of fact raised by the pleadings or by the evidence, each party waives his right to a trial by jury of the issue so omitted *unless before the jury retires he demands its submission to the jury*." (Italics supplied.)

■ We accept the jury's finding of absence of contributory negligence on the part of the plaintiff. Perhaps whatever condition prevailed at the time and place of his injury was as obvious to him as to anyone. Nevertheless, the jury has resolved this issue in his favor and the finding is accepted on the theory that Mr. Ulrich, not having attended wrestling matches regularly, did not fully appreciate the situation in which he found himself.[7]

■ We are satisfied that a new trial is required in this case on the issue of the vicarious liability of the appellants.

The issue of damages should also be relitigated. We do not know precisely what the words "pain and suffering," as used in the interrogatory, encompass. If these words are to be strictly construed, there is no possible basis in the testimony for an allowance of $20,500 damages for future pain and suffering to a plaintiff who at the time of trial was 77 years of age, where there is no testimony from which the jury could form a conclusion as to what, if any, pain and suffering he could be expected to experience. Even if the words "pain and suffering" are to be broadly construed so as to encompass such elements of damage as disfigurement and restriction of his ability to move about normally, the amounts allowed by the jury were so high as to indicate that the judgment of the jurors was improperly influenced by testimony received, but later stricken, to the effect that plaintiff was the sole support of his senile wife, who was committed to the Rochester State Asylum following the occurrence of the accident. We do not know of any theory which could make evidence of this type admissible on the issue of damages. We find it difficult to conceive that a jury, having been informed of this condition, could be unmindful of it in assessing damages, even though the trial judge directed them not to be influenced by the evidence first received and then stricken.

Defendant Snyder has not appealed from the judgment. His situation will not be changed by the order of this court on appeal. The new trial may result in a verdict for which the appellants are vicariously liable different in amount from that embodied in the judgment against

[7]See, Aide v. Taylor, 214 Minn. 212, 7 N. W. (2d) 757, 145 A. L. R. 530.

Snyder. If so, the measure of the responsibility of the Minneapolis Boxing and Wrestling Club, Inc., and the Albert Lea Junior Chamber of Commerce, Inc., to plaintiff will be fixed by the verdict upon retrial and not by the verdict in the original action.

The decision is reversed and remanded for retrial of these issues:

(1) Was Snyder acting in the course of his employment by appellants or either of them at the time and place of the accident?

(2) If so, what damage has plaintiff sustained by reason of his injury?

Reversed and remanded.

THOMAS GALLAGHER, JUSTICE (dissenting).

I am of the opinion that the record discloses no evidence under which either defendant Minneapolis Boxing and Wrestling Club, Inc., or defendant Albert Lea Junior Chamber of Commerce, Inc., could be held liable to plaintiff, either because of a master-servant relationship or otherwise.