Merrimack, }
Nov. 4, 1913. }

WILLIAM A. BURROUGHS *v.* LANE CONSTRUCTION CORPORATION.

A contractor who is engaged in the repair of a highway is bound to exercise reasonable care and prudence in the performance of the work, for the protection of travelers; but if the road has been widened in accordance with the contract and is thereby rendered dangerous, it is incumbent upon the municipality to place it in suitable condition for public travel.

A contractor who has properly completed the work he was employed to do upon a certain section of road, and has no knowledge of an obstruction thereafter placed in the highway by the town officers, is not liable for injuries to a traveler attributable to such a defect.

A contractor who has finished work upon one section of road and moved to another, leaving the completed portion in the possession and control of the municipality, is not chargeable with constructive notice of a dangerous condition created by subsequent acts of the highway officers.

CASE, for personal injuries. Trial by jury and verdict for the plaintiff. Transferred from the April term, 1912, of the superior court by *Plummer*, J., on the defendants' exceptions to the denial of motions for a nonsuit and the direction of a verdict in their favor. The plaintiff's evidence tended to prove the facts hereinafter stated.

While the plaintiff was riding on the highway from West Lebanon to Hanover, the horse became frightened at a pile of dirt in the highway and backed the carriage over the end of a culvert under the road, and the plaintiff was thrown out and injured. At the time of the accident the defendants were improving and reconstructing the highway under a contract with the state and the town of Hanover. As a part of their work and in accordance with the contract, the defendants before the time of the accident had extended the wrought part of the road four or five feet, bringing it to within about two feet of the easterly end of the culvert. They had also lowered the grade of the road at this point. The pile of dirt which frightened the horse was placed in the highway by the precinct

commissioners after the defendants had completed their work at that point and were at work on the highway about a quarter of a mile away. There was evidence that the culvert, unprotected by a guard-rail, rendered the highway unsuitable and unsafe for the travel thereon.

*Hollis & Murchie* (*Alexander Murchie* orally), for the plaintiff.

*Jones, Warren, Wilson & Manning* (*Mr. Manning* orally), for the defendants.

WALKER, J. The plaintiff's contention seems to be that the defendant's duty to him was to so repair the highway at the place where the accident happened as not to increase the danger of teams going over the end of the culvert; and it is contended that if the defendant had performed this duty by putting up a railing at the end of the culvert, the plaintiff would have suffered no injury in consequence of widening the wrought part of the highway. But it was no part of its duty to keep the highway in suitable repair for the traveling public. That duty is imposed upon the town or highway district having charge of the public highways within its boundaries. The want of a railing at the culvert might be due to the negligence of the town in not providing one in the performance of its duty to keep the road in reasonable repair. But the duty of the defendant, who was rightfully and lawfully engaged in repairing the highway, so far as travelers on the highway are concerned, was to exercise reasonable care and prudence in performing the work, so as not to injure them while in the exercise of due care. Even under the statute, it is only liable for injuries resulting from an "obstruction, defect, insufficiency, or want of repair" caused by its "negligence or carelessness." Laws 1893, c. 59, s. 1. In other words, its liability, both at common law and under the statute, arises from its breach of duty to the injured party which proximately causes the injury.

It is argued in behalf of the plaintiff that the dirt thrown up in the road by the precinct commissioners was of a character to frighten horses, and that the defendant must have known of its existence there and ought therefore to have made some special provision for the protection of travelers attempting to pass by it. But the difficulty with this argument, if it is otherwise sound, is that the evidence does not warrant a finding that the defendant had knowledge

of its existence. The defendant had finished the work at this point, and was engaged in making repairs on the road a quarter of a mile away. It was not bound to watch the precinct commissioners and see that they did not put things in the highway that might frighten horses and cause them to back their drivers over some embankment by the roadside. In fact, it does not appear that it had authority to remove what the commissioners had placed in the road, after it had completed its work at that point. But however that may be, the evidence is wanting that it knew of this horse-frightening object. It does not appear that it could be seen a quarter of a mile away, where the defendant was at work. The result is, that having repaired the road where the accident occurred in a prudent manner, having properly performed all it was employed to do at this point, and having left it with no reason to suppose that horses might become frightened by any peculiar object in the immediate vicinity and back down over the end of the culvert, it cannot be held responsible for the plaintiff's injuries.

The cases cited by the plaintiff do not sustain his contention. What the defendant did was not the cause of the plaintiff's horse becoming frightened, as in *Nicholas* v. *Keeling*, 21 Pa. Sup. Ct. 181, and *Nye* v. *Dibley*, 88 Minn. 465; nor did it constitute a defect or obstruction in the road incident to the repairs undertaken, which caused the injury, as in *Williams* v. *Sager*, 165 Mich. 635, *Barton* v. *McDonald*, 81 Cal. 265, *Marion etc. Co.* v. *Claycomb*, 53 Ind. App., —98 N. E. 744, and *Johnson* v. *Friel*, 50 N. Y. 679; nor did it create an unnecessary and concealed danger, as in *Wilton* v. *Spokane*, 73 Wash. 619, where the contractor left a stick of dynamite under the surface of the street, which afterward exploded and injured the plaintiff. It left this portion of the highway wholly completed, according to the contract; and as the road was not closed to public travel, it was under the supervision of the highway authorities, whose duty it was to see that it was kept in a reasonably safe condition for public travel. The defendant had no knowledge that horses were liable to be frightened at that point, and therefore was not bound to guard against such a contingency. If it had known or had been chargeable with knowledge of the existence of the pile of dirt, a different situation would be presented. It cannot be held liable in this action, without holding, contrary to all legal principles that are applicable, that it left the culvert unguarded at its peril.

The argument that the defendant is chargeable with knowledge of the existence of the pile of dirt in the road, and is therefore liable

in this action, is not sustained by the evidence. It is said the town had not accepted the work done by the defendant, and that it was in possession of the road and liable to travelers for its condition. But it was not in the exclusive possession of the road. It was open to public travel, and the town had possession of it for the purpose of providing for that travel. The defendant's possession, as against the public, was confined to that part of the road upon which it was at work. When it had finished a section and gone to another, it could not interfere with the public travel over the first section which the town permitted, or prevent the highway authorities from making such additional repairs on it as they wished. Hence it was not responsible for obstructions afterward placed in the road by the precinct commissioners, who were rightfully in control of the premises and charged with the exclusive duty of providing a reasonably safe road for travelers. It was not, at least, chargeable with constructive notice that the commissioners had thrown up a pile of dirt which might cause damage to travelers, unless it erected a railing by the side of the road or took some other extraordinary precaution for their safety. It was not its duty to inspect the road to see if obstructions calculated to frighten horses had been placed in it by third parties; consequently it was not chargeable with constructive notice of the pile of dirt. The town was in full control of the road at this point so far as travelers were concerned, and the responsibility of the defendant to the plaintiff was determinable by the condition of the work it had done in repairing the highway. The defendant was not responsible for what it had not done to provide against an unforeseen danger created by the town, which it had no reason to suppose would exist.

*Exceptions sustained.*

All concurred.