## Ockerman v. Woodward.

(Decided September 28, 1915.)

Appeal from Nelson Circuit Court.

Highways — Obstructions — Injuries — Contractors — Liability.— A highway contractor, even though he be an independent contractor, is not liable in damages to a traveler for injuries caused by stones placed in the highway by the contractor during the prosecution of his work and suffered to remain there without guard or signal.

ERNEST N. FULTON and G. S. & J. A. FULTON for appellant.

REDFORD C. CHERRY and KELLEY & KELLEY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Alleging that the defendant, W. C. Woodward, placed on the traveled part of one of the public highways of Nelson County, with gross and wanton negligence, a large quantity of stone, with no lights, signals or guards of any kind to warn travelers of the obstruction, and that while driving along said highway in his buggy while it was dark, and without any knowledge of the existence of the obstruction, he ran into the pile of stone, and that his horse and buggy were damaged and he himself was injured, plaintiff, E. J. Ockerman, brought this action to recover damages.    Defendant pleaded that he was a member of a firm that had been employed by Nelson County to reconstruct and repair its public roads, and that the members of the firm, as the agents of Nelson County, placed the stone in the highway in the prosecution of such work.· By reply, plaintiff pleaded that the contract made by Nelson County with the defendant was made without competitive bidding and without following the statutes.    He further alleged that defendant was an independent contractor.    A demurrer having been sustained to this reply, plaintiff's petition was dismissed and he appeals.

It has long been the settled rule in this state that for personal injuries caused by defects in the public highways, neither the county nor its officers, agents or employes are answerable in damages.    Moberly v. Carter Co., 5 Ky. Law Rep., 694; Hite v. Whitley County Court, 91 Ky., 168; 15 S. W., 57; 11 L. R. A., 122; Wheatley v.

Mercer, 72 Ky., 704; Hardwick v. Franklin, 120 Ky., 78; 85 S. W. 709; 27 Ky. Law Rep., 484; Sheppard v. Pulaski County, 18 S. W., 15; 13 Ky. Law Rep., 672. It is insisted, however, that as the reply shows that defendant was an independent contractor, the rule above announced does not apply to the case at bar. This distinction was not recognized in the case of Blue Grass Traction Co. v. Grover, 135 Ky., 685; 123 S. W., 265. There the traction company contracted with the county to maintain a certain bridge in repair. The bridge was permitted to get out of repair and plaintiff's horse was injured. It was held that the traction company was not liable. The reasoning on which the opinion proceeds is that the county being an arm of the government is not liable. In taking care of the public roads and bridges, it must exercise its governmental functions either through its officers, agents and employes or contractors. If the contractor was held liable, then the real burden would fall on the county, because of the excessive price it would be required to pay for the work. In Moss v. Rowlett, 112 Ky., 121; 65 S. W., 153, the rule was applied to a contractor who had engaged to keep one of the public roads in order. In the more recent case of Schneider v. Cahill, 127 S. W., 143, Schneider was a contractor who had undertaken the construction of one of the county roads. He cut a ditch in the road and permitted it to be left open and unguarded. Plaintiff fell into the ditch and was injured. In denying a recovery, the court said: "It is the duty of the county to care for and maintain its public roads, and whether this work is done by hands employed by the day under the general supervision of a county official, or under the direction of a supervisor or contractor, is immaterial. The result is the same; the expense in either event being borne by the county. And where, because of some defect in the work or in the manner in which it is done, an injury is sustained by one using the road, if a liability existed it would be the liability of the county, and not that of the supervisor, contractor, or other employe, and no recovery being allowed against the county, the trial judge correctly held that the petition did not state a cause of action."

But it is insisted that in all of the above cases the negligent act was one of mere passive neglect and not of positive misfeasance, as in the case at bar, and, therefore, a different rule should prevail. In the present case it is admitted that the stone was placed in the highway

while defendant was prosecuting his work as a contractor for the county. The gist of the action is, that they were negligently placed and suffered to remain there without guards, signals or lights of any kind to warn passing travelers. In the case of Schneider v. Cahill, *supra*, Cahill permitted the road to become and remain unsafe for public travel by cutting a ditch therein and permitting it to be left open and unguarded. We see no reasonable ground of distinction between a case of an unguarded ditch and that of unguarded or unlighted stones. In each instance there was a mere failure of duty; on the one hand a failure to guard the ditch, on the other hand a failure to guard, or place a signal on, the stones.

Judgment affirmed.