## O'Connell v. Merchants & Police District Telegraph. Company.

(Decided December 17, 1915.)

Appeal from Kenton Circuit Court
(Common Law & Equity Division).

1. Contracts—Actionable Wrong—Parties.—A duty, the breach of which constitutes an actionable wrong, may arise from a contract or be imposed by positive law, independent of the contract; in the first case the party to the contract only, can sue; in the second case, any person injured may sue, if he be one of the class of persons for whose benefit the duty is imposed.

2.  Corporations—Governmental Function of Municipality—Negligence
    —Damages.—Where a private corporation or an individual under-
    takes to perform the governmental functions of a municipality
    under a contract with the municipality, a third person injured by
    the negligence of the contractor cannot recover damages from
    the contractor in a suit upon the contract, if the municipality
    would not have been liable in case it did the work itself.
3.  Corporations—Governmental Function—When Liable in Damages
    for Injuries.—A private corporation engaged in the business of
    running and operating a wagon in carrying persons to and from
    the jail and hospital, under a contract with a municipality, is lia-
    ble in damages to a third person who was run over and injured by
    the negligence of the driver in charge of the wagon, although the
    corporation was engaged in the performance of a governmental
    function for and on behalf of the municipality, and the municipality
    would not have been liable in case it had negligently operated
    the wagon itself.

B. F. GRAZIANI for appellant.

C. B. THOMPSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—
Reversing.

The appellant, Russell O'Connell, a minor, who sues
by his next friend, appeals from a judgment of the cir-
cuit court that sustained a demurrer to his petition.

The petition, in substance, states that the defendant,
the Merchants & Police District Telegraph Company,
was, at the time the plaintiff was injured, a private cor-
poration, engaged in the business of running and operat-
ing a wagon for the purpose of carrying persons to and
from the jail, and to and from the hospital, or carrying
the injured or sick from the streets, highways and build-
ings of the city of Covington, to their homes, hospitals,
or jails; that, on March 20th, 1913, while plaintiff was
traveling along Madison avenue, near the intersection of
Sixth street, in Covington, the defendant, with gross and
wanton carelessness and negligence upon the part of its
servants, ran its team and wagon over the plaintiff,
severely and permanently injuring him in the several
ways detailed in the petition, to his damage in the sum
of $5,000.00; that at the time it inflicted the injuries upon
the plaintiff, the defendant was hired by the city of Cov-
ington and paid a sum of money under contract for its
services; and was operating its team and patrol wagon

through its agents and officers, for a payment of money and gain.

The circuit court rested its judgment sustaining the demurrer to the petition upon the authority of the case of the Bluegrass Traction Company v. Grover (1909), 135 Ky., 685, 135 Am. St. Rep., 498, and similar cases, which hold that where a county performed its governmental functions through a contract with another, the contractor was not liable for negligence in the performance of the work, when the county would not have been liable if it had performed the work through its own employes. See also Schneider v. Cahill, 127 S. W., 143; Ockerman v. Woodward, 165 Ky., 752.

It is generally held that where one contracts with a municipal corporation to keep its streets in repair, he takes upon himself the duty of the city towards the public, and if the municipality would be liable for its negligence in such a case, so is the contractor whose negligence caused the injury.

But the converse of that proposition, which exempts the contractor from liability for his own negligence, in case the city would not be liable if it had been guilty of negligence in doing the same work, is of comparatively late origin, and, this rule is by no means universal in its application. There are many exceptions to it; and the consequences of extending the doctrine of non-liability while in the performance of governmental functions makes us unwilling to say that all the various functions of municipal government can be performed by agents or contractors without liability to persons injured through their negligence in the performance of such work. An instance of an exception to the rule is found in the liability, to individuals, of water companies performing the governmental function of furnishing water for fire protection. This liability has been upheld in this State as resting upon the breach of the contract made for the benefit of the individual. Graves County Water Co. v. Ligon, 112 Ky., 775; Terrell v. Louisville Water Co., 127 Ky., 77.

In Bluegrass Traction Co. v. Grover, *supra,* the traction company had built a bridge over the Southern Railway Company's track, under an agreement with the fiscal court of the county to maintain the bridge forever, free of cost to the county. The bridge formed a part of the county road. The traction company permitted the bridge

to get out of repair, with the result that a valuable horse belonging to Grover was injured while crossing the bridge. Grover recovered a judgment against the traction company, which was reversed by this court, upon the theory that since the county, being an arm of the State government and exercising a part of the powers of the State, and created by the Legislature for that purpose, neither it nor any of its officials could be held liable for damages in the performance of that duty, the traction company which had taken over that duty was likewise not liable.

In the course of the opinion, the court said:

"To hold that the county is not responsible for a defect in the highway, but that the contractor who agrees with the county to discharge the duty which the law places upon the county, is responsible to a traveler injured by a defect in the highway, would be to overlook the reason upon which the rule rests; for if such liability existed the county would be unable to make contracts for the keeping in repair of its highways on as reasonable terms as it can where it must only pay a reasonable price for the necessary work; because, if the contractor assumes the greater liability, he must necessarily take this into consideration in fixing the price for which he may do the work."

The court further said:

"The bridge was a part of the county highway, and, unless the traction company became liable by reason of its contract with the fiscal court, or by some other fact shown in the case, then it is not liable to Grover for an injury to his mare while traveling on the public highway by reason of a defect in it."

The opinion then quotes the contract between the traction company and the county, at length, and closes as follows:

"To hold the traction company liable for such damages on a contract to maintain the bridge free of cost to Fayette county would be to extend the obligation of the contract beyond the fair and natural meaning of its terms."

It will be observed that the conclusion there reached is based entirely upon the idea, which is emphasized, that the traction company's relation with the county was contractual only, and that it was therefore liable in the same way and to the same extent, and no further than the

county would have been liable. Grover sought a recovery by reason of the contractual relation of the traction company.

But conceding that the city of Covington would not have been liable to the plaintiff for the accident inflicted upon him in this case if the city had been operating the wagon, because it would then have been performing a governmental function, does it follow that the appellee is not liable for its own negligence in performing that work? We think this question is answered by the opinion of this court in Jones & Co. v. Ferro Concrete Construction Company, 154 Ky., 52.

In that case, Jones & Co. and the Ferro Company were building separate portions of the sewers of the city of Louisville, under separate contracts with its commissioners of sewerage, a corporation created for the purpose of installing an extended system of sewers, for and on behalf of the city of Louisville. In prosecuting its work, the Ferro Company damaged the work of the Jones Company, whereupon the Jones Company sued the Ferro Company and the commissioners of sewerage for damages. This court exempted the commissioners of sewerage from liability, under the well-known doctrine that it was not liable for negligence in performing a governmental function; that the money in its hands was a fund created by taxation for the purpose of supplying the city with an adequate system of sewers, and which, under the mandate of the Constitution, could not be diverted to any other purpose.

But in holding the Ferro Company liable for its negligence and consequent damage to the Jones Company, the court had this to say in explanation of the opinion in Bluegrass Traction Company v. Grover, *supra:*

"That was a suit upon the contract, and the question decided was simply that the damages sued for were not within the reasonable contemplation of the parties to the contract, and not covered by its terms. If this was a suit upon the contract made by the Ferro Concrete Construction Company with the sewerage commission, and damages were claimed by reason of a breach of the terms of that contract, then the two cases would be similar. But this is not a suit for a breach of a contract. It is a suit to recover damages for negligence. If, in that case, the traction company had negligently thrown a timber from its bridge and injured Grover's

horse beneath, then the two cases would be parallel. No such question was presented by that record, and the opinion of the court is limited to the effect of the contract. The court did not have before it in that case the question of the liability of the traction company for negligence independently of its contract with the fiscal court."

From the above extract it will be observed that the court was careful to point out the distinction that the Grover case was a suit upon the contract between the traction company and the county, and that if, in the Grover case, the traction company had negligently thrown a timber from its bridge and injured Grover's horse beneath, then the two cases would be parallel. The distinction between the liability of the contractor under a contract with the municipality, and his liability for his negligence independently of his contract, is clearly drawn. In the first class of cases, the contractor is not liable, because the municipality would not be liable; in the second class of cases the contractor is liable, because he is sued for his own negligence independently of his contract with the municipality.

In Appleby v. State, 45 N. J. L., 165, the distinction above made was recognized, and stated as follows:

"A duty, the breach of which is an actionable wrong, may arise from a contract, or be imposed by positive law, independent of contract. In the first case, the party to the contract only can sue; * * * in the other case, any person injured may sue if he be one of the class of persons for whose benefit the duty is imposed."

Solberg v. Schlosser, 20 N. D., 307, 30 L. R. A. (N. S.), 1111, is directly in point. In that case the drainage board of a county let a contract to build a drain across a highway, and reserved no right of supervision. The contractor negligently piled earth on the roadway, thereby causing the injury to the plaintiff. In a suit against him for his negligence, the contractor answered that he was an agent of the drainage board, and that as the drainage board was not liable, neither was he.

But, in holding him liable, the court said:

"We do not agree with the defendant's contention as to the cause of action set forth in the complaint. It is not a cause of action for damages growing out of a breach of contract. It is one for damages growing out of the defendant's tort in rendering the highway dangerous

through his negligence in leaving the dirt thereon in piles and not leveled off. The contract is not set forth in the complaint nor mentioned therein. It was not offered in evidence by the plaintiff, but by the defendant. * * *

"In this case, although there existed a contract between the drainage board and the defendant, still the liability as pleaded does not depend on the contract, but arises out of a legal duty devolving upon the defendant, as well as the public in general not to obstruct or make the highway dangerous for travel. Such a duty being to the public generally may be enforced by anyone if damages occur on account of the failure to perform that duty. The liability in this case arises by reason of the fact that the defendant negligently placed a nuisance in the highway, which rendered it dangerous for travel, and a violation of sec. 6641, Rev. Codes 1905. Inasmuch as the liability pleaded is not based upon a contract, it is not necessary for us to determine whether there was a breach of the contract in this case. In support of our conclusion that the complaint in this case properly alleged a cause of action growing out of a breach of duty on the part of the defendant, see Nye v. Dibley, 88 Minn., 465, 93 N. W., 524; Elzig v. Bales, 135 Iowa, 208, 112 N. W., 540. * * *

"The defendant also urges that he was engaged in excavating the drain as the agent of the drainage board, and contends that no liability can be upheld against him as agent, as his principal would not be liable as a matter of law. So far as this case is concerned, it is immaterial whether the drainage board could be held for damages or not, as it clearly appears that the relation of principal and agent did not exist between the defendant and the drainage board by virtue of the contract. A reading of that contract shows that the defendant independently contracted to dig the drain in accordance with plans and specifications which were made a part of the contract. The drainage board exercised no control or supervision over the work or over the defendant while engaged in doing the work."

The reason for exempting a municipality from damages for injuries inflicted in the performance of its governmental functions is one of public policy, to protect public funds and public property. Taxes are raised for certain specific governmental purposes; and, if they could

be diverted to the payment of damage claims, the more important work of government, which every municipality must perform regardless of its other relations, would be seriously impaired, if not totally destroyed. The reason for the exemption is sound and unobjectionable.

But when an individual or private corporation, for compensation, undertakes to perform work for a municipality, the reason for the rule ceases. It has become a maxim, that when the reason for a rule of law ceases, the rule itself should cease. To hold the contractor liable for his negligence, in no way jeopardizes the public funds of the municipality. To say that holding the contractor liable for his own negligence would prevent the municipality from securing contractors to do its work at a reasonable price, is entirely too fanciful and far-fetched in its application to the practical affairs of life to receive serious consideration. This difficulty does not arise in work done for individuals; indeed, experience shows that individuals usually get the same character of work done for lower prices than are paid by municipalities.

If, on the contrary, it should be announced as a rule of law that a contractor doing work for a municipality is not to be held liable for his own negligence, it would not only be a deplorable rule that would put a premium upon negligence, but the contractor would, in all probability, and because of the application of the rule to his case, have to pay enhanced wages for the enhanced danger thereby incurred by the laborer, and thereby increasing the cost of the work. If we were permitted to speculate as to the results to be obtained in giving or denying the exemption from liability to contractors doing municipal work of a governmental character, we would conclude that it would be to the interest of the municipality as well as the laborer, to deny the exemption. Nobody but the contractor would profit by granting the exemption, while the life and property of the citizen would be exploited for the contractor's benefit.

We have heretofore called attention to the language of the opinion in the Jones case, where the court, in referring to the Grover case, said that "if in that case the traction company had negligently thrown a timber from its bridge and injured Grover's horse beneath, it would have been liable for its own negligence."

Clearly, that is the case we have before us. The petition charges that the appellee, through the gross carelessness and negligence of its servants, ran over the appellant and injured him. If that be true, and we must so take it upon the demurrer, this case comes squarely within the rule announced in Jones & Co. v. Ferro Concrete Construction Co., above cited, and the appellee is responsible in damages.

Judgment reversed and cause remanded, with instructions to overrule the demurrer to the petition, and for further proceedings.