# J. Harvey Vandivier & Sons v. Hardin's Administratrix.

(Decided January 29, 1924.)

## Appeal from Mercer Circuit Court.

1. Counties—Highway Contractor Held Liable to Employe for Negligence.—A contractor, who undertakes on his own account, for a named consideration, to do certain work for the county or state upon a public highway, or to furnish his own help, and to do all the work, employing his own methods in the performance of a contract to construct or reconstruct the highway, is liable for injuries to his employes resulting directly from his negligence, although it should be conceded that neither the county nor the state would have been so liable if they, or either of them had been conducting the work.

2. Master and Servant—Compensation Act Applicable to County Contractors.—The Workmen's Compensation Act applies to highway contractors carrying out undertakings with the county or state, when they regularly employ more than three persons in the conduct of their business under Ky. Stats., section 4960.

3. Death—$7,500.00 Held Not Excessive Damages.—A verdict for $7,500.00 was not excessive for the death of a man 36 years of age, in good health, earning $2.50 or more per day, who was shown to have a wife and several childern, and was a good provider.

CARRICK & KEENON and C. E. RANKIN for appellants.

E. H. GAITHER and R. L. BLACK for appellee.

Opinion of the Court by Chief Justice Sampson—
Affirming.

Appellants, Vandivier & Sons, are contractors, engaged in the work of building and constructing highways. The deceased, Charles Hardin, for whose death this suit was commenced in the Mercer circuit court to recover damages, was a laborer working in the rock quarry for the appellants at the time he sustained injuries from which he shortly thereafter died. On a platform at the quarry was a hoisting engine operated by one Yates. From this platform extended a track leading down into the quarry, over which track two small steel cars ran, transporting stone from the quarry up to the platform to be dumped into the crusher. The track was a single one from the platform until it reached the quarry, where there was a switch. One of the cars passed upon the switch and the other car passed upon the main line. Only one car at a time was hauled up the incline to be dumped.

While it remained on the platform the other car was in the quarry receiving a load. The deceased, Hardin, was loading large stone into one of the small cars to be carried up to the crusher. It was about seven or eight o'clock in the morning. The quarry was near the public highway, and when an accident happened upon the highway nearby it caused some excitement and attracted the attention of the man who was operating the hoisting engine and controlling the cars on the incline, causing him to turn his attention from his engine and work to watch what was going on in the road. In doing so he lost control of the car on the incline then going down into the pit and it ran away, striking the deceased and crushing him against the other car, inflicting such injuries as to cause his death. His injury, as appears from the foregoing brief statement of the facts, was the direct and proximate result of the negligence of the operator of the hoisting engine.

As defense to the action appellants pleaded that they were engaged in building public highways, a governmental function, for the county of Mercer and as such were not liable for the injury to Hardin because it came about through their exercise of a governmental power; that inasmuch as the work they were carrying on was for the county, a governmental agency, they were not responsible. (2) Contributory negligence on the part of Hardin; and (3), the injury was the result of the negligence of a fellow-servant of Hardin.

Although appellants were employing more than three men at the quarry they had not accepted and were not operating under the workmen's compensation law, and it is insisted by appellee that having failed to accept the benefits of the said act, appellants are not entitled to plead contributory negligence or negligence of a fellow servant. Having this view the circuit court sustained a demurrer to both the third and fourth paragraphs of the answer setting up the said two defenses, as also to the second paragraph of the answer in which appellants pleaded they were in the exercise of a governmental power at the time of the injury and were not for that reason liable.

The trial resulted in a verdict in favor of the administratrix in the sum of $7,500.00 in damages. Judgment being entered in accordance with the verdict, Vandivier & Sons prosecute this appeal, insisting (1) that the county would not have been liable for the death of

Hardin had it been conducting the work; and (2) the state of Kentucky would not have been liable for the death of Hardin had it been conducting the work; and (3) neither the county nor state being liable appellants as contractors and agents thereof are not liable; (4) the workmen's compensation act does not apply to county or state contractors but specifically excepts them.

It may be conceded that neither the county nor the state would have been liable for the death of Hardin had they, or either of them, been conducting the work of quarrying the stone and building the road. Coleman v. Eaken, 111 Ky. 131; Leavell v. Western Kentucky Asylum, 122 Ky. 213; Ketterer, Admr. v. State Board of Control, 131 Ky. 287; Moss v. Rowlett, 112 Ky. 121; Blue Grass Traction Co. v. Graves, 123 S. W. 265; Schneider v. Cahill, 127 S. W. 143; Ockerman v. Woodward, 165 Ky. 752. But the case we have is different.

We have held in some of the foregoing cases that the contractor of the county or of the state, though independent, is not liable for injury to a third person traveling along a defective highway or otherwise injured by reason of work performed by the contractor for the county or state. But we have never held and can see no reason for holding that a contractor who undertakes on his own account for a named consideration to do certain work for the county or state upon a public highway or to furnish his own help and to do all the work, employing his own methods in the performance of a contract to construct or reconstruct a highway, should not be liable for injuries to his *employes* resulting directly from the negligence of the master. Indeed we have recognized this rule in the case of Jones & Co. v. Ferro Concrete Construction Co., 154 Ky. 47; O'Connell Co. v. Telegraph Co., 167 Ky. 468, holding in effect that a recovery in damages may be had for an injury resulting from the negligent performance of an act done in carrying out a contract to make public improvements notwithstanding the contractor was in the employment of the government, county or state. To the same effect is Callon v. Ball, 113 California 593 (see Cyc. 7 R. C. L.).

While appellants contend that the provisions of the workmen's compensation act do not apply to contractors carrying out undertakings with the county or state, and cite subsection 1 of section 4960, Kentucky Statutes, we are not inclined to accept this as correct. Indeed it appears that the contrary is true. Such contractors come

within the provision of the workmen's compensation act when they regularly employ more than three persons in the conduct of their business.

Appellants insist that the verdict is excessive. Hardin was about thirty-six years of age, in good health, with an expectancy of thirty (30) years, and earning $2.50 or more per day, working regularly. He had a wife and several children and was shown to be a good provider. These facts considered we think it utterly impossible to say that the verdict was more than fair compensation for the loss of his earning power.

Finding no error to the prejudice of the substantial rights of appellant the judgment is affirmed.

Judgment affirmed.