**T. J. MANSFIELD CONST. CO. v. GORSLINE et al. (No. 2514.)***

(Court of Civil Appeals of Texas. Amarillo. Dec. 16, 1925. Rehearing Denied Jan. 13, 1926.)

**1. Master and servant ⬥5—Whether one is independent contractor depends on control.**

Whether one is an independent contractor depends on whether stipulations entitle employer to exercise a certain measure of control over the work, but go no further than to enable him to secure that it shall be properly performed.

**2. Automobiles ⬥290—Contract held not to create relation of master and servant between county and contractor.**

Contract held not to create relation of master and servant between county and road contractor, by provisions for barriers and lights satisfactory to county engineer, and authorizing engineer to discharge incompetent persons and to order removal of unsatisfactory machinery.

**3. Appeal and error ⬥930(3)—Relation existing between county and contractor held concluded, where not submitted to jury and no request for submission made.**

In action against road contractor for injuries contractor held concluded by presumptive finding as to relationship between it and county, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 1985, where such question was not submitted to jury, and no request was made therefor.

**4. Automobiles ⬥290—Contractor not relieved of liability for defects in highway because county not liable.**

Independent contractor constructing highway for county is not relieved of liability for injuries caused by defects in highway because county would not have been·liable.

**5. Appeal and error ⬥930(3)—Reviewing tribunal will presume that trial court found that accident occurred at culvert shown by plaintiff's evidence.**

Special issue as to place of accident on highway not having been submitted to jury, and no request having been made for such submission, reviewing tribunal will presume that trial court found that accident occurred at culvert shown by plaintiff's evidence, and hence it was immaterial that defendant, a contractor, had finished another culvert and turned it over to county.

**6. Automobiles ⬥305(4)—Refusal to permit contractor to prove that he constructed guards around work suitable to county engineer held proper.**

In action for injuries, refusal to permit road contractor to prove that he constructed guards and detour around work, and placed lights suitable and satisfactory to county engineer, as bearing on question of negligence, held proper, as being irrelevant.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Action by Mrs. E. B. Gorsline and others against the T. J. Mansfield Construction Company. Judgment for plaintiffs, and defendants appeal. Affirmed.

Fitzgerald & Hatchitt, of Wichita Falls, for appellants.

Bullington, Boone & Humphrey and Edgar Scurry, all of Wichita Falls, for appellees.

RANDOLPH, J. This suit was brought by appellees in the district court of Wichita county, Tex., against appellants, a copartnership and as individuals, for personal injuries alleged to have been inflicted on Mrs. Gorsline by the negligence of the defendants. The case was submitted to a jury upon special issues, and on the answers to such issues the trial court rendered judgment in favor of appellees, and appeal was taken from such judgment. Plaintiffs charged in their petition that the defendants had contracted as independent contractors with the county of Wichita to build ten cement culverts on a public road in that county, from Iowa Park to Clara; that in the construction of such culverts it became necessary to excavate and dig a ditch across said public road; that the defendants had opened up and left open a ditch or excavation 3 feet deep and 8 feet wide extending completely across the road; that said ditch was an open ditch and dangerous for persons traveling said road in automobiles; that the defendants had full notice that said ditch was in a dangerous condition for the public to travel over it in an automobile; that on the night of the accident the defendants left said ditch open without any warning sign whatever to warn the public that said ditch was there and in a dangerous condition; that they negligently failed to place a guard rail on either side of said ditch to warn the public, and that they negligently failed to give any warning sign as to the dangerous condition of said ditch to the public traveling in automobiles at night; that at the time of the accident there were no lights on the sides of said ditch to give such warning, and that there was no guard rail on either side of said ditch to give such warning and to notify the public of the dangerous condition of the ditch; that by reason thereof the plaintiff Mrs. Gorsline was injured to the extent set out in the peti-

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted February 24, 1926.

tion. So far as we desire to discuss same, defendants' defenses will be hereinafter presented.

The defendants contend that they were not independent contractors, but were working as servants of the county, and, as the county could not be held liable for such damages, it naturally follows that they, as such servants of the county, would not be liable for same.

[1] The test as to whether or not a contractor is an independent contractor seems to be best arrived at by determining whether the stipulations entitled the employer to exercise a certain measure of control over the work, but goes no further than to enable him to secure that it shall be properly performed. And it is held that the relation of master and servant is not inferable from the reservation of powers which do not deprive the contractor of his right to do the work according to his own iniative so long as he does it in accordance with the contract. 20 A. L. R. (text) pp. 687 and 691.

31 C. J. pp. 473, 474, and 475, says:

"It is impossible to lay down a rule by which the status of men working and contracting together can be definitely defined in all cases as employees or independent contractors. Each case must depend on its own facts, and ordinarily no one feature of the relation is determinative, but all must be considered together. Ordinarily the quetsion is one of fact. The principal consideration in determining the question is the right to control the manner of doing the work. Generally speaking, it may be stated that, if the employee is under the control of the employer, he is a servant or employee and not an independent contractor, but, if in the performance of the work he is not under the control of the employer, he is an independent contractor. However, it is not the actual exercise of the right by interfering with the work but the right to control which constitutes the test. The test oftenest resorted to is the ascertainment of whether the employee represents the employer or master as to the result of the work or only as to the means; if only as to the result, and in the employment of the means he acts entirely independent of the master, he must be regarded as an independent contractor."

In the case of Galloway v. King (Tex. Civ. App.) 272 S. W. 807, where a party was hired by the defendant in that case to haul 100 tons of hay, and was to be paid $1.50 per load, the defendant furnishing the truck, gas, oil, and other expenses of the truck, the Court of Civil Appeals for the Texarkana District held that such party hauling the hay was not an employee, but was an independent contractor. In discussing the facts in that case, Justice Levy, speaking for the court, says:

"The contract conclusively evidences a definite beginning, continuance, and ending of the thing to be done. And the concurring facts become conclusive as to the effect of the contract, that Tillery could not terminate his personal service

whenever he chose without a breach of the contract, and that Galloway did not have the unrestricted right to end the particular service whenever he chose to do so, without regard to the final result of the work. The result of the work was the essential thing to be done, which was the delivery to the Steger Grain Company of the entire bulk of '100 tons of hay.' Such contract, as we conclude, constituted the relation of contractor and contractee, independent of subserviency, and not merely that of master and servant."

In that case Justice Levy also holds that whether the relation between the parties was that of employer and employee or independent contractor and contractee was one purely for the court or one of fact for the jury was immaterial, because that court would be authorized to set the verdict aside only in case the evidence does not show as a matter of law that the defendant in that case was not an employee.

The Supreme Court, in the case of Manning v. Beaumont S. L. & W. Ry. Co., 107 Tex. 548, 562, 181 S. W. 687, 688, where the Court of Civil Appeals had held that the undisputed evidence showed the train crew to be the servants of the construction company, and, such question coming within the exclusive dominion of said court, that it became the duty of the Supreme Court in reviewing their decision to search the record for and give consideration to the facts and circumstances in the record which are most favorable to the contention of the plaintiff in error on the question as to whether there was evidence—

"of probative force tending to show that the train crew whose negligence was complained of were the agents and servants of the defendant in error, or the joint servants of it and the said Kenefick-Hammond-Quigley Construction Company. The jury has found favorable to the contention of the plaintiff in error upon this question. If there is any evidence to support their finding the case should not have been reversed and rendered against the plaintiff in error."

As stated above, the appellant contends that the relation of master and servant existed between themselves and Wichita county, and the terms of the contract established this as a matter of law. They present their contention more specifically by calling our attention to the following provisions of such contract:

(1) That the contract provides that wherever the road is not closed and it is necessary to divert traffic around any portion of the work, that contractor shall at his own expense maintain suitable and safe passageway for the traveling public. If, in the opinion of the engineer, it is impossible to maintain such passageway, then the contractor shall, at his own expense, erect barriers and direct the traveling public around the work by suitable signals in a manner satisfactory to the engineer.

(2) In the same paragraph the contract

also provides the kind of lights required, when they should be lighted, and the guards necessary for the warning of the public all to be done in a manner satisfactory to the engineer.

(3) Also it is provided that whenever the engineer shall determine that any person is, in his opinion, incompetent, unfaithful, disorderly, or otherwise unsatisfactory, such person shall be discharged from the work, and all machinery furnished by the contractor which is deemed by the engineer as being unfit for the work shall be removed on notice.

[2] The provision noted in paragraph numbered (1) above, is only such a provision as the law and common sense require of any road builder, and cannot be said to be the exercise of the control of his servant by his master, and this is likewise true of paragraph numbered (2). Paragraph numbered (3) is just such measure of control to enable the county, through its engineer, to secure the proper performance of the work contracted for. We therefore hold that the relation of master and servant is not established by the terms of said contract, as a matter of law.

[3] The question as to the relationship existing between the county and appellants was not submitted to the jury, and was not requested to be submitted to them by appellants; hence, under article 1985, V. S. C. Stats. 1914, which requires the trial court to submit all issues of fact to the jury as are made by the pleadings, but also provides that the failure to submit any issue shall not be deemed a ground for reversal unless its submission has been requested in writing by the party complaining of the judgment, and, further, that upon appeal an issue not submitted and not requested shall be deemed as found by the court in such manner as to support the judgment, provided there be evidence to support it, the appellants are concluded in questioning the matter of fact as to such relationship. There is evidence to support the presumption of this fact by the trial court.

Appellants urge upon this court that:

"Had appellants believed at the time they made the contract with the county that they would thus be harassed, they certainly would not have agreed to do the work for the price they did agree, but would have demanded a greater compensation therefor."

We are sorry that appellants lacked in foresight, but this court is not in position to now assist them against loss by reason of their failure to provide a sinking fund against this evil time, and cannot consider this complaint as a defense to appellees' cause of action, nor shall we consider same as a circumstance to assist in establishing their plea of not guilty.

[4] We overrule the contention that, even if appellants were independent contractors, they would not be liable, because the county would not have been liable.

Appellants also insist that they having completed the work they had contracted to do on culvert No. 2, and the county having accepted it and ordered its road gang to do the back filling and finishing preparatory to making the highway safe for the traveling public, under no phase of plaintiffs' case would appellants be liable.

[5] Appellees brought suit for damages for injuries to Mrs. Gorsline by reason of their car falling in a ditch opened on the public road between Iowa Park and Clara. Appellees' evidence locates the ditch in which their car fell at the ditch at culvert No. 3; appellants' evidence locates it at culvert No. 2. This conflict comes in the evidence, not in plaintiffs' pleading. If the culvert No. 2 had been completed, the work finished and the roadway leveled, as claimed by appellants, then certainly it was not the ditch into which the car fell at the time Mrs. Gorsline was injured. There is no question from the evidence but that the car fell into a hole in the ground; there is no question but that Mrs. Gorsline was injured, and, as it did not occur in the ditch at culvert No. 2, it must have occurred at some other ditch, for the evidence clearly shows that the injury occurred on the public road between Iowa Park and Clara. As stated, appellees' evidence located the accident at culvert No. 3. That issue not having been submitted to the jury, and no request having been made to the court for its submission, we will indulge the presumption authorized by law that the trial court found that the accident occurred at culvert No. 3, as the evidence justifies this finding. Hence it was immaterial that appellants had finished culvert No. 2 and had turned it over to the county, and the trial court did not err as charged in appellants' proposition No. 1.

[6] Appellants present error on the part of the trial court, in that appellees, having alleged negligence of appellants in failing to do the things that were required in the contract between the county and appellants, and such contract providing for those things to be done to the satisfaction of the county's engineer, the court erred in refusing to permit them to prove by the contractor that he constructed the dirt guards and detour around the work, and placed lights suitable and satisfactory to the engineer, as bearing on the question of negligence. Whether the steps taken were satisfactory to the engineer is not the test to determine the negligence of the appellants; hence we overrule his contention.

Having considered all of appellants' propositions, though we do not deem it necessary to discuss some of them, we overrule all such propositions and assignments and affirm the judgment of the trial court.