## OVERSTREET v. McCLELLAND. *
### (No. 3099.)

Court of Civil Appeals of Texas. Amarillo. Oct. 31, 1928.

Rehearing Denied Nov. 28, 1929.

---

*Writ of error dismissed.

James Spiller, of Wortham, for appellant.

Weeks, Morrow, Francis & Hankerson and Neal Powers, all of Wichita Falls, for appellee.

JACKSON, J. This suit was instituted in the district court of Carson county, Tex., by the appellant, T. C. Overstreet, against the appellee, C. H. McClelland, to recover $15,875 for personal injuries claimed to have been sustained by appellant and damage to his automobile caused by the alleged negligence of appellee.

The appellant alleges that after the state highway commission of the state of Texas and the commissioners' court of Carson county, Tex., had entered into an agreement by the authority of which the state highway commission had undertaken to construct or have constructed certain road work in Carson county, and prior to the date of appellant's injury and damage, the state highway commission had entered into a contract with C. H. McClelland, the appellee herein, to perform the work and labor and to furnish the supplies and material to construct a part of the public highway in Carson county, Tex., known as Highway No. 33; that under said contract with the state highway commission, the appellee, as contractor, began the performance of said work, and by virtue of said contract and his duty to the county and the public the appellee was obligated and bound to exercise ordinary care for the protection of the public and appellant from injury arising out of and incident to the work of improving said highway and required to protect the public and appellant from dangerous places on said highway by posting signs at all roads entering into said Highway No. 33 within the boundaries of the construction work, so as to warn travelers of the dangerous condition of the highway and to place on said highway barricades, lighted lanterns, warnings, and notices indicating such dangerous places to those traveling the highway; that about the 10th of November, 1927, after dark, appellant, while traveling along said highway in his automobile at a reasonable rate of speed and exercising due care for his own safety, ran into a high pile of sand and gravel which obstructed the highway and which had been placed thereon and negligently left in the highway by appellee, his servants, agents, and employés, without barriers, lights, warnings, signs or other notice; that appellant's car was turned over by striking the pile of sand and gravel and damaged in the sum of $250; that appellant's left hand and left wrist were broken and permanently injured, his face and body were cut and lacerated, from all of which he suffered great physical pain and mental anguish to his damage in the sum of $15,625.

The appellant's personal injuries and the damage to his automobile are fully set out, and he alleges that his damages were the proximate result of appellee's negligence, which negligence is sufficiently pleaded.

The appellee answered by general demurrer, special exceptions, and pleaded numerous defenses to appellant's cause of action.

The court sustained the demurrer to the petition of appellant, who declined to amend, and the case was dismissed, from which action of the court this appeal is prosecuted.

The appellant, by proper assignments, assails as error the action of the court in sustaining the general demurrer to his petition. The appellee, by counter propositions, contends that the judgment of the court is correct because the work in which he was engaged was being done by him as the agent of the state highway commission and Carson county, and as his principals were not liable to appellant for negligence in the prosecution of the work, appellee himself was not responsible.

"It is well established that at common law counties as a rule are not liable for injuries resulting from the negligence of their officers or agents, and no recovery can be had in damages unless liability be created by statute." Harris County v. Gerhart et al., 115 Tex. 449, 283 S. W. 139.

There is no statute in this state making the county liable for the negligence of its officers and agents, and it must be conceded that neither the state nor the county is liable to appellant.

While it is settled that counties are not liable for the negligence of their officers or agents, and no recovery can be had against the county therefor, we do not think the Supreme Court in the case supra intended to announce, nor do we hold, that under no circumstances could such officers or agents, while acting as such, be liable for their negligence. Was appellee, under appellant's allegations, the agent of the state highway commission or the county of Carson, in the construction work he was doing on Highway No. 33? The petition charges that appellee contracted with the state highway commission to do all the work and labor and furnish all the supplies and material to make the improvements, and as such contractor was obligated to exercise ordinary care to protect appellant from the damages incident to the work by providing signs, barriers, warnings, etc.

13 C. J. p. 211, defines the word "contractor" to mean: "One who agrees to do anything for another; one who executes plans under a contract; * * * whether with a government or other public body * * * to furnish supplies * * * or to perform any work or service at a certain price or rate as a paving contractor. * * * Although, in a general sense, every person who enters into a contract may be called a contractor, yet the word, for want of a better one, has come

to be used with special reference to a person who, in the pursuit of an independent business, undertakes to do a specific piece or job of work for other persons, using his own means and methods without submitting himself to control as to the petty details. * * * The term 'contractor' is often used as meaning independent contractor." The text-writer cites various authorities sustaining this definition. See also Words and Phrases, Second Series, vol. 1, p. 999 et seq.

Whether or not a party is a contractor or an agent may be a question of fact to be determined by a jury. Maryland Casualty Co. v. Scruggs (Tex. Civ. App.) 277 S. W. 768.

Appellant's pleading, construed as against a general demurrer, with that liberality which the law requires as to the intendment of the pleader, in our opinion, is sufficient to disclose that he was suing appellee as a contractor and not as an agent of the state highway commission or the county of Carson.

■ If we are correct in the foregoing conclusion, the question then arises whether or not a contractor, who is doing construction work, as such, for the state highway commission or a county, is responsible for creating a dangerous condition on the highway under construction and negligently failing to give warning by lights, signs, or otherwise of such condition, which negligence results in injury to a traveler exercising the proper care for his own safety.

In the case of T. J. Mansfield Const. Co. v. Gorsline, 278 S. W. 485, this court held that an independent contractor is not relieved from liability for injuries caused by its negligence, because the county was not liable for such injuries. A writ of error was granted by the Supreme Court in this case, but the proposition above announced was not passed on.

In Burroughs v. Lane Const. Corp., 77 N. H. 124, 88 A. 1001, the Supreme Court of New Hampshire, passing upon the liability of a contractor improving a highway under a contract with the state, says: "But the duty of the defendant who was rightfully and lawfully engaged in repairing the highway, so far as travelers on the highway are concerned, was to exercise reasonable care and prudence in performing the work, so as not to injure them while in the exercise of due care. * * * In other words, its liability, both at common law and under the statute, arises from its breach of duty to the injured party which proximately causes the injury."

In Nye v. Dibley et al., 88 Minn. 465, 93 N. W. 524, in passing upon the liability and duty of a contractor improving a public highway under a contract with public authorities, the court says: "Defendants were engaged in a public work upon a highway under a contract with the public authorities, and had the undoubted right to make such reasonable use of the highway as was necessary in carrying forward the work. But they had no right to its exclusive use, and were bound so to use it as not to interfere unnecessarily with public travel thereon. They had the right to deposit upon it the material used in their work, and at an accessible and convenient distance from the point where the work was being performed; but they were bound so to deposit and place it as not to render the use of the highway by the public dangerous and unsafe, and to exercise reasonable care not to cause horses of ordinary gentleness to become frightened."

In Edward Solberg v. George Schlosser, 20 N. D. 307, 127 N. W. 91, 30 L. R. A. (N. S.) 1111, the Supreme Court of North Dakota, in determining the duty and liability of a party who had contracted with a drainage board to do certain public work, says: "The defendant also urges that he was engaged in excavating the drain as the agent of the drainage board, and contends that no liability can be upheld against him as agent, as his principal would not be liable as a matter of law. So far as this case is concerned, it is immaterial whether the drainage board could be held for damages or not, as it clearly appears that the relation of principal and agent did not exist between the defendant and the drainage board by virtue of the contract."

In our opinion, a contractor doing construction work and improvement upon a public highway under a contract such as alleged by appellant in this case is required to exercise ordinary care to protect travelers who are using the highway and are exercising the proper care for their own safety.

We are aware of the fact that some jurisdictions, especially Kentucky, hold to the contrary; but in our opinion the better rule is announced in the cases above cited, and we therefore hold that appellant had alleged a cause of action good against a general demurrer, and the court erred in sustaining said demurrer.

The judgment is reversed, and the cause remanded.