## Taylor v. Westerfield.

(Decided March 28, 1930.)

BARNES & SMITH for appellant.

HEAVRIN & MARTIN for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

A demurrer having been sustained to the petition, as amended, of the plaintiff, and he having declined to plead further, the petition, as amended, was dismissed, and the plaintiff has appealed.

In substance, the plaintiff alleged that on April 21, 1929, the defendant (now appellee) was under contract with the state highway department to grade and drain a public highway known as part of project No. 66B, beginning near Beaver Dam, Ky., and extending in a southerly direction for about four miles to Horton, Ky.; that the defendant in the performance of his contract left open, unguarded, and without any lights or other warning a ditch or channel extending across said public highway and of a depth of 20 feet, or more; that the plaintiff, while lawfully traveling along this highway in an automobile, on account of the negligence of the defendant in leaving this ditch in the condition described, ran his car into the ditch, thereby causing damage to the automobile and severe injuries to himself.

It has long been the settled rule in this state that, for personal injuries caused by defects in the public highways, neither the county nor the state is answerable in damages. Ockerman v. Woodward, 165 Ky. 752, 178 S. W. 1100, L. R. A. 1916A, 1005. The state as a sovereign is not suable without its consent. Section 231, Constitution. The reason for exempting a municipality or sovereign from damages for injuries inflicted in the performance of its governmental functions is one of public policy to protect public funds and public property. Taxes are raised for certain specific governmental pur-

poses, and, if they could be diverted to the payment of damage claims, the more important work of government, which every municipality or sovereign must perform, regardless of its other relations, would be seriously impaired if not totally destroyed. The reason for the exemption is sound and unobjectionable.

The appellee's contention is that he, though an independent contractor, is extended the immunity of the sovereign, and cannot be sued, as he was engaged in doing public work in reconstructing the highway. This appears to be the rule of law in Kentucky at the present time as is shown by the following cases: Blue Grass Traction Co. v. Grover, 135 Ky. 685, 123 S. W. 264, 267, 135 Am. St. Rep. 498; Schneider v. Cahill (Ky.) 127 S. W. 143, 144, 27 L. R. A. (N. S.) 1009; Moss et al. v. Rowlett, 112 Ky. 121, 65 S. W. 153, 358, 23 Ky. Law Rep. 1411; Ockerman v. Woodward, supra. Under these cases the trial court was thoroughly warranted in sustaining the demurrer to the petition as amended.

In the case of Blue Grass Traction Co. v. Grover, supra, the traction company had built a bridge over the Southern Railway Company's track under an agreement with the fiscal court of the county to maintain the bridge forever, free of cost to the county. The bridge formed a part of the county road. The traction company permitted the bridge to get out of repair, with the result that a valuable horse belonging to Grover was injured while crossing the bridge. Grover recovered a judgment against the traction company which was reversed by this court, upon the theory that, as the county was an arm of the state government, exercising a part of the powers of the state and created by the Legislature for the purpose of building and maintaining the public roads, a governmental function, neither it nor any of its officials could be held liable for damages in the performance of that duty; therefore the traction company which had taken over that duty was likewise not liable. In the course of the opinion, we said: "To hold that the county is not responsible for a defect in the highway, but that the contractor who agrees with the county to discharge the duty which the law places upon the county, is responsible to a traveler injured by a defect in the highway, would be to overlook the reason upon which the rule rests; for the county would be unable to make contracts for the keeping in repair of its highways if such a liability existed on as reasonable terms as it can where it

must only pay a reasonable price for the necessary work; because, if the contractor assumes the greater liability, he must necessarily take this into consideration in fixing the price for which he may do the work.''

The court further said: ''The bridge was a part of the county highway, and, unless the traction company became liable by reason of its contract with the fiscal court, or by some other fact shown in the case, then it is not liable to Grover for an injury to his mare while traveling on the public highway by reason of a defect in it.''

The opinion then quotes the contract between the traction company and the county at length, and closes as follows: ''To hold the traction company liable for such damages on a contract to maintain the bridge free of cost to Fayette county would be to extend the obligation of the contract beyond the fair and natural meaning of its terms.''

It will be observed that the conclusion there reached is based entirely upon the idea, which is emphasized, that the traction company's duty with reference to this bridge was contractual only, and that the obligation of the contract according to its terms did not extend to a tort claim such as was asserted in that action. The court did say, however, that a contractor is not liable to third parties for his negligence in performing a contract with the county to build or repair a public road because of the public policy involved, and that was, in short, just this: In order for the public to get its work done as cheaply as possible, it is better for the individual to suffer the damage which may be caused him in the negligent prosecution of the work than that the public should be called upon to sustain it by having to pay a contractor more to get the work done in order that he may protect himself against loss by reason of such claims. This Blue Grass Traction Co. case was decided in 1909. Since that time, the outlook on social problems and social legislation has changed much. Laws protecting women and minors in hours of labor, workmen's compensation acts, employer's liabilities acts, have been placed upon our statute books. Legislation which once would have been held as violative of our theories of freedom of contract is now held constitutional almost as a matter of course. As said by the Supreme Court in the case of Village of Euclid v. Ambler Realty Co., 272 U. S. 365, 47 S. Ct. 114, 118, 71 L. Ed. 303, 54 A. L. R. 1016: ''While the meaning of constitutional guaranties never varies, the scope of

their application must expand or contract to meet the new and different conditions which are constantly coming within the field of their operation. In the changing world it is impossible that it should be otherwise. But although a degree of elasticity is thus imparted, not to the *meaning,* but to the *application* of constitutional principles, statutes and ordinances, which, after giving due weight to the new conditions, are found clearly not to conform to the Constitution, of course, must fall.''

It is now accepted that the industry, and not the individual, should bear the burden of industrial accidents, and, with like reasoning, the individual should not be compelled to bear the burden of negligent prosecution of public work, at least where carried on by an independent contractor. No doubt the state and its subordinate arms of government, its servants and officials, will and perhaps should, like Richelieu, draw around it the magic circle of ''sovereignty'' to protect itself against suits by individuals. The independent contractor, however, is no sovereign, and the protection of sovereignty should no longer be extended to him, since, in the light of our changed views as to public policy, the public should not take the advantage of getting its work done cheaply by shifting the burden of sustaining the damage caused by the negligent prosecution of that work by an independent contractor upon the injured individual.

It was on this theory advanced in the Bluegrass Traction Company case that public policy required a shifting of the burden to the injured individual that the subsequent cases were decided.

In the case of Schneider v. Cahill, supra, a contractor had undertaken the construction of a county road. He cut a ditch in the road and permitted it to be left open and unguarded. Plaintiff fell into the ditch and was injured. In denying a recovery, we said: ''It is the duty of the county to care for and maintain its public roads and whether this work is done by hands employed by the day under the general supervision of a county official, or under the direction of a supervisor or contractor, is immaterial. The result is the same; the expense in either event being borne by the county. And where, because of some defect in the work or in the manner in which it is done, an injury is sustained by one using the road, if a liability existed it would be the liability of the county, and not that of the supervisor, contractor, or other employee, and, no recovery being allowed against

the county, the trial judge correctly held that the petition did not state a cause of action.'' It must be admitted that this case cannot be fairly distinguished from the case now before us.

In the case of Moss et al. v. Rowlett, supra, the same reasoning was employed in holding that the liability of a surety on a, contractor's bond did not extend to injuries caused by the contractor's negligence. There was, however, a vigorous dissenting opinion filed in that case.

In Ockerman v. Woodward, supra, the defendant Woodward, an independent contractor engaged in building a county road, placed on the road a large quantity of rock without any signal or other warning upon it, and the plaintiff Ockerman, while driving along the road in the dark, ran into the pile of stone, injuring himself and his horse and buggy. It was held that Woodward, even though an independent contractor, was not liable in damages to Ockerman. The Bluegrass Traction Company, the Moss, and the Schneider cases, supra, were relied upon to sustain the court's position. The doctrine of these cases has not met the approval of our sister jurisdictions.

In the case of Thompson Caldwell Construction Co. v. Young 294 F. 145, 146 (C. C. A. N. C.), the court held that counties, being political agencies of the state, are not liable for damages in personal injury cases, but that a contractor is not entitled to the immunity of the sovereign. In this case the contractor in the construction of a highway left an unguarded and disabled truck on the side of the road, and thereby caused an injury to the appellee Young, who sued for damages. In the course of the opinion the court said: ''The defendant admits that its status was that of an independent contractor, but says that, even so, it has the immunity expressly given the highway commission, and relies upon Ockerman v. Woodward, 165 Ky. 752, 178 S. W. 1100, L. R. A. 1916A, 1005, and the other Kentucky cases there cited, in which it is pointed out that, if contractors know that they will be held liable for the negligence of their employees, they will charge the public a higher price than they otherwise would. That conclusion is as obvious as it is true, and yet, so far as we know, no other courts have seen their way clear so to extend the immunity of the sovereign. In many states the exact question will seldom arise, because in them counties and towns have from time immemorial, been answerable for the defects in their

highways. This is, however, by no means universally true. In Mississippi certainly, and in North Dakota possibly, counties are no more liable to individuals for such shortcomings, than they are in North Carolina or Kentucky, and yet in each of them independent contractors for road construction or maintenance must answer.''

In the case of Boyd, Higgins & Goforth v. Mahone, 142 Va. 690, 128 S. E. 259, 263, the Supreme Court of Appeals of Virginia held that an independent contractor was liable for any injury caused by his negligence in the construction of a highway under contract with public authority. The court held that, although a municipal corporation is not liable for negligence, yet this rule of liability would not exonerate an independent contractor from his duty to exercise reasonable care in the performance of the work he had undertaken. In the course of the opinion, the court said: ''The Kentucky cases cited are based upon the theory that the contractor, in consideration of immunity from liability for negligence, made a lower price for the work. This theory is contrary to the law and public policy of Virginia, and is not approved by text-writers or any other courts.''

The Supreme Court of Mississippi, in Wade v. Gray, 104 Miss. 151, 61 So. 168, 170, 43 L. R. A. (N. S.) 1046, held that an independent road contractor is personally liable to a traveler whose horse was injured through a defective condition of the road; such liability being based, not upon the contract, but upon the breach of a duty being imposed upon him by the general law. The court in reaching its conclusion said: ''We prefer to follow the reasoning in the case of Solberg v. Schlosser (20 N. D. 307, 127 N. W. 91, 30 L. R. A. (N. S.) 1111) rather that that in the Kentucky cases.''

A Texas opinion of Overstreet v. McClelland (Tex. Civ. App.) 13 S. W. (2d) 990, held that a contractor, who as such is doing construction work on the highway for a highway commission, is responsible for creating a dangerous condition on the highway and failing to give warning thereof, resulting in injury to a traveler. See also, Mansfield Construction Co. v. Gorsline (Tex. Civ. App.) 278 S. W. 485, and Burroughs v. Lane Construction Corp., 77 N. H. 124, 88 A. 1001; Ashville Const. Co. v. Southern R. Co. (C. C. A. N. C.) 19 F. (2d) 32. To the same effect, and sustaining a contrary ruling to that prevailing in Kentucky, are the cases of Solberg v. Schlosser, 20 N. D. 307, 127 N. W. 91, 30 L. R. A. (N.

S.) 1111, and Grennell v. Cass County et al., 193 Iowa, 697, 187 N. W. 504. Commenting on the opinion of this court in the Ockerman case, supra, the editor of 29 Harvard Law Review, 323, at 325, said: "The immunity of the public corporation should not extend, however, either to employees or to independent contractors whom the town or county has intrusted with the carrying out of its duty. And here the distinction is properly made between misfeasance and nonfeasance, just as in the English case dealing with the liability of surveyors of highways or of those bodies which have been substituted in their place. The contractor or the employee owes an affirmative duty only to the county or city employing him, and from his mere failure to repair, whatever may be his liability to his principal, no action should lie against him by an individual. But no reason is apparent why the contractor should be relieved of his ordinary duty of careful conduct with reference to others likely to be injured by his negligence. The court in the principal case feared that holding the contractor liable would defeat the immunity of the county because in the long run the burden would fall upon the county, by reason of the higher price which contractors would charge. If this be so of the contractor, why not also of the railway which hauled the asphalt or rock, of the truckman who hauled the rock for the contractor, of the manufacturer who constructed the tools which the contractor uses, and of the numberless others who contribute to repairing the road? Certainly the contingency of future lawsuits cuts little or no figure in a contractor's estimate for private work, and it is somewhat fanciful to suppose that the county would be caused substantial detriment on this account. Indeed, the county would probably suffer more under the doctrine of the Kentucky court, which puts a premium on carelessness and inefficiency. However sound the policy of immunity for the county, it is submitted that the reasons therefor do not require that our highways be filled with a large class of civilly irresponsible individuals."

It will thus be seen that the doctrine of our cases stands alone. Were it sound, this would matter little, but, as we have seen, whatever its soundness may have been at one time in the light of the then social outlook, it is no longer sound, and, being so, we should not hesitate to depart from it, especially as it establishes no rule of property. Indeed, we have heretofore much hedged

it about. Thus, in the case of Jones & Co. v. Ferro Concrete Co., 154 Ky. 47, 156 S. W. 1060, the appellant Jones & Co. and the Ferro Company were building separate portions of the sewers in the city of Louisville under separate contracts with its commissioners of sewerage, a public corporation created by the Legislature to install an extended system of sewers for and on behalf of the city of Louisville. In the prosecution of its work, the Ferro Company negligently damaged the work of the Jones Company, whereupon the Jones Company sued the Ferro Company and the commissioners of sewerage for the damages thus caused. The court exempted the commissioners of sewerage from liability under the well-known doctrine that, as an arm of the state, it was not liable for negligence in performing its public and governmental functions. We held the Ferro Company liable to the Jones Company for its negligence. See, also, O'Connell v. Merchants' & Police District Telegraph Co., 167 Ky. 468, 180 S. W. 845, L. R. A. 1916D, 508.

In the case of Vandivier v. Hardin's Adm'x, 201 Ky. 734, 258 S. W. 306, an employee of a contractor, who was engaged upon a public work, was while working for such contractor on that work injured by the negligence of the contractor. He sued the contractor for the injuries he thus sustained and secured a verdict. The judgment was affirmed by this court.

The case of Hunt-Forbes Construction Co. v. Robinson, 227 Ky. 138, 12 S. W. (2d) 303, 304, wherein a contractor was exempted from liability to a party injured in the course of public work done under a contract with public authority, because he had done the work in strict compliance with certain plans and specifications given to him by the state highway department, does not militate against our present views, nor indicate a return to the doctrine of the Schneider and other cases, supra. It is one thing to say that the contractor shall not be responsible where he does the work in strict compliance with the plans and specifications and an entirely different thing to say that he must be responsible if he negligently does the work. Indeed, in that case we said: "It follows, therefore, that the appellant cannot be held responsible for the injury to appellee, because the state cannot be made to respond in damages. This, of course, would not prevent the appellant being held responsible to appellee if the injury to him was caused by negligence."

After a thorough review of the cases and a re-examination of the principles upon which they were decided, we have reached the conclusion that, in so far as the Bluegrass Traction, Schneider, Moss, and Ockerman cases announce the proposition that an independent contractor is not liable in damages to injured third parties for his negligence in prosecuting work being carried on under a contract with the state or any subordinate arm of the state, they are no longer to be followed, and they are now to that extent overruled, and that such contractor is so responsible just as he would be on private work.

Some contention is made in brief about the appellee not being an independent contractor, but rather an employee of the state under the facts as alleged in the petition, as amended. But that he is an independent contractor if those facts be true, as they must be taken on demurrer, is settled by the case of Diamond Block Coal Co. v. Sparks, 209 Ky. 73, 272 S. W. 31. Counsel for appellee must also realize that much that they argue in brief is not presented by the allegations of the petition, as amended, and is defensive in its nature.

Wherefore, the judgment of the lower court is reversed, with instructions to overrule the demurrer to the petition, as amended, and for further proceedings consistent with this opinion.

Whole court sitting.